## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

WICHITA FIREMAN'S RELIEF    )
ASSOCIATION,    )
    )
               Plaintiff,    )
    )    Case No. 11-1029-CM-KGG
vs.    )
    )
KANSAS CITY LIFE INSURANCE    )
COMPANY,    )
    )
               Defendant.    )
_____ )

### MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion to Compel Discovery with supporting memorandum. (Docs. 39, 40.) Defendant has responded in opposition (Doc. 48). The motion was addressed at a hearing before the Court, during which the parties were instructed to meet in person, with lead counsel present, in an effort to resolve as many of the pending discovery issues as possible. (Doc. 51.) Thereafter, as instructed, the parties informed the Court by joint report of the remaining discovery requests at issue, which are the subject of this Order. Counsels' efforts to confer on these issues were largely unsuccessful. As such, after a careful review

of the submissions of the parties, the Court finds that Plaintiff's Motion to Compel

(Doc. 39) is **GRANTED in part** and **DENIED in part**.

## BACKGROUND

Plaintiff in the matter before the Court is Wichita Firemen's Relief

Association, a public body organized under the Firefighters Relief Act, K.S.A. §

40-1701, *et seq*., to administer public funds and consisting of members of public

fire departments.  (*See* Doc. 1-1.)  This case results from an alleged on-duty injury

sustained by Captain Urban Eck, an employee of the Wichita Fire Department,

while fighting a local fire.  Plaintiff contends the injury necessitated heart surgery

and that Captain Eck died as a result of surgical complications.  Plaintiff, which

had a group policy of insurance issued by Defendant, brings its present claims

seeking payment of an accidental death and dismemberment (AD&D) benefit

which Plaintiff contends was a rider to the insurance policy issued by Defendant.

Plaintiff alleges that Defendant has "failed to support its claim that Captain Eck

was diseased or ill before he ruptured the tissues of his heart on December 13,

2009," and, therefore, Defendant's refusal to pay the AD&D benefit is "without

just cause and excuse."

Both parties have painstakingly detailed the procedural issues relating to the

relevant discovery requests and their efforts to confer (or lack thereof).  (Doc. 40,

at 3-8; Doc. 48, at 1-7.)  The parties factual recitations are incorporated herein by reference and will not be summarized further by the Court.  While the Court acknowledges Defendant's contention that Plaintiff failed to meet its duty to confer prior to filing the present motion (Doc. 48, at 8-10), the Court is satisfied that any such deficiencies that may have existed have been rectified by counsels' interaction at the hearing on this motion as well as the Court-mandated, in-person conference that occurred thereafter.  (*See* Doc. 51.)  The Court will, therefore, address Plaintiff's motion on its substantive merits.

## DISCUSSION

Fed. R. Civ. P. 26(b)(1) states in relevant part that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

As such, the requested information must be both nonprivileged and relevant to be discoverable.

"'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." ***Teichgraeber v. Memorial Union Corp. of Emporia State University***, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).  Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." ***Snowden By and Through Victor v. Connaught Lab.***, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991). Thus, when a discovery request is deemed relevant, it is the duty of the party resisting the discovery to properly establish a basis for their objections unless the requests are facially objectionable. ***C.T. v. Liberal School Dist***., No. 06-2093-JWL, 2008 WL 394217, at *8 (D.Kan. Feb. 11, 2008).  In this context, the Court will address each of the disputed discovery requests and objections.

## Interrogatories

**A.     Interrogatory No. 1.**

This interrogatory seeks the identity of "all persons with knowledge of the pertinent facts related to the denial of the claim made by plaintiff on behalf of Captain Eck, including . . . any conclusion . . . that Captain Urban Eck suffered from a pre-existing illness or disease before December 13, 2009." (Doc. 40-3, at

4.)  Defendant objects that the interrogatory is overly broad as it may implicate people beyond those who have personal knowledge.  Defendant also objects that it is vague and ambiguous in the use of the term "pre-existing illness or disease." (*Id*.; *see also* Doc. 48, at 28-29.)

The Court finds these objections to be meritless.  Interrogatories of this type – requesting the identity of persons with knowledge of a situation – are commonly used discovery topics.  Further, Defendant does not adequately explain the distinction between individuals with *personal* as opposed to *ancillary* knowledge. (*See* Doc. 48, at 14.)  Defendant does argue that use of the word "knowledge" is "overly broad because it encompasses persons [who] may have overheard others talking about the claim, were told about the claim casually, or otherwise had not involvement in the processing and decision-making related to the claim."  (*Id*., at 25.)  The Court finds this clarification to be an unnecessary splitting of hairs. Further, there may be instances in which a person who has "overheard" or was "told about the claim" would have relevant, personal knowledge as a result.  To the extent Defendant infers this information would be inadmissible hearsay, this is not a relevant discovery objection.  *See **Sprint Commun. Co. L.P. v. Big River Telephone Co***., No. 08-2046-JWL, 2009 WL 1580307, at *3 (D. Kan. June 4, 2009) (holding that information inadmissible at trial may still be discoverable to

the extent it could lead to the discovery of admissible evidence).  Defendant is,

therefore, ordered to identify any and all individuals who, in Defendant's

knowledge, have substantive knowledge of the facts at issue.

In addition, the Court sees nothing confusing about Plaintiff's use of the

term "pre-existing illness or disease," particularly when placed in context of the

December 13, 2009, occurrence at issue.  Plaintiff's motion is **GRANTED** in

regard to Interrogatory No. 1.

**B.      Interrogatory No. 2.**

This interrogatory requests the identity of all persons with knowledge of the

"pertinent facts" regarding the conclusion that the December 29, 2009, surgery

"was surgical treatment of a disease that pre-existed the injuries sustained by

Captain Eck on December 13, 2009."  (Doc. 40-3, at 5.)  Defendant again objects

that the request is overly broad as it seeks the identity of individuals who "may not

have personal knowledge" of the identified conclusions.  (*Id.*; Doc. 48, at 14.)  For

reasons discussed above, this objection is overruled.[1]

Defendant also objects that the interrogatory is "ambiguous and lacks

particularity inasmuch as it does not specify what facts are 'related to' any

conclusions [Defendant] made relating to Mr. Eck's surgical treatment, health or

---

[1]  The same is true for similar objections in regard to Interrogatory No. 4.

physical condition." (Doc. 40-3, at 5.)  The Court does not agree.  To the contrary, in the Court's opinion, Interrogatory No. 2 is clear and specific.  This objection is also overruled and Plaintiff's motion is **GRANTED** in regard to Interrogatory No. 2.

## C.      Interrogatory No. 3.

This interrogatory asks Defendant to identify "all communications you had relating to Captain Urban Eck with any representative [of Plaintiff]" from December 13, 2009, through the present.  (Doc. 40-3, at 7.)  Defendant objects that it is unduly burdensome given the "many communications" between the parties. (*Id*.)  Although this task may be burdensome, virtually all responsibilities in responding to discovery are *burdensome*.  Defendant has not, however, established that the request is *unduly* burdensome.  (Doc. 48, at 26.)  *See **Design Basics, L.L.C. v. Strawn***, 271 F.R.D. 513, 522 (D.Kan. 2010) (overruling an unduly burdensome objection absent an explanation as to the difficulty or impossibility of responding to the request).  As such, the objection is overruled and Plaintiff's motion is **GRANTED** in regard to Interrogatory No. 3.

## D.      Interrogatory No. 4.

Interrogatory No. 4 seeks identification of persons from whom Defendant have obtained written or recorded statements.  (Doc. 40-3, at 8.)  Defendant objects

that the interrogatory may implicate attorney/client and/or work product information.  (*Id*.)  Plaintiff does not, however, address this objection in its brief.  (Doc. 40, at 26-27.)  As such, this objection is sustained.  Even so, privileged statements are to be identified in a privilege log.

Defendant also objects, however, that the interrogatory is vague in regard to what constitutes a "written or recorded statement."  (Doc. 48, at 29.)  Defendant relies on the case of ***Anderson v. United Parcel Service***, No. 09-2562-KHV, 2010 WL 4822564, *5 (D. Kan. Nov. 22, 2010), to support its argument that the term "written or recorded statement" is vague and ambiguous.  Defendant's reliance is misplaced.  The discovery request at issue in ***Anderson*** asked only for the responding party to "describe all statements . . . ."  *Id*.  "It is also unclear what type of 'statement' Defendant is referring to: is Defendant referring to statements that Plaintiff may have taken from witnesses as part of her investigation of this case, or is Defendant referring merely to oral or written representations made by individuals at any time?"  *Id*.

The present interrogatory, on the contrary, clarifies which type of statements are being requested as those which have been "written or recorded."  "[T]he responding party is required to 'exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories.'"  *Id*., (citing

*Johnson v. Kraft Foods N. Am. Inc.*, 238 F.R.D. 648, 655 (D.Kan. 2006)).  The Court finds that employing common sense should allow Defendant to determine the ordinary meaning of "written or recorded statements."  Defendant's objection is overruled and Plaintiff's motion is **GRANTED** in regard to Interrogatory No. 4.

## E.    Interrogatory Nos. 5 and 6.

These interrogatories were not the subject of Plaintiff's motion to compel. (*See generally* Doc. 40.)  As such, the issues presented are not properly before the Court and will not be ruled upon in the context of this motion.  Further, the time to bring a motion to compel regarding these interrogatories has expired.  D.Kan. Rule 37.1(b).

## F.    Interrogatory No. 8.

Interrogatory No. 8 seeks information relating to "any investigation of the occurrence which is the subject matter of this lawsuit."  (Doc. 40-3, at 12.) Defendant objects that the request "seeks information that may constitute privileged communication . . . ."  To the extent an appropriate privilege log was submitted in conjunction with Defendant's interrogatory responses, any identified, privileged documents are protected from disclosure.  Plaintiff, however, contends that Defendant "did not provide a privilege log addressing the items that it believes are covered by this request."  (Doc. 40, at 28.)  As such, the Court can only surmise

that Defendant is not withholding any documents responsive to this interrogatory on the basis of a privilege.  Defendant is ordered to clarify the same and update any existing privilege log.

Defendant also objects that the request is ambiguous as to "what is encompassed within the terms 'occurrence' and 'investigation.'" (Doc. 40-3, at 12.)  "The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity."  *Anderson*, 2010 WL 4822564, at *5 (internal citation omitted).  Defendant has not done so (*see* Doc. 48, at 29) and this objection is overruled.  Plaintiff's motion to compel is **GRANTED** in regard to Interrogatory No. 8.  Defendant is directed to answer the interrogatory completely.  To the extent it has not identified all people involved in the investigation, it is specifically directed to do so.

## G.    Interrogatory No. 9.

This interrogatory requests the identity of all individuals interviewed in the investigation of Plaintiff's claim.  (Doc. 40-3, at 13.)  Defendant objects that the use of "investigation" and "interviewed" are ambiguous.  (*Id*.)  At best, Defendant has failed to meet its burden to establish vagueness or ambiguity.  *Anderson*, 2010 WL 4822564, at *5.  (*See also* Doc. 48, at 30.)  At worst, Defendant's objections

are disingenuous given the common sense meaning of these words that would be comprehended by any attorney.  This objection is overruled.

Defendant again objects that the request "seeks information that may constitute privileged communication . . . ."  To the extent an appropriate privilege log was submitted in conjunction with Defendant's interrogatory responses, any identified, privileged documents are protected from disclosure.  Plaintiff, however, contends that Defendant "did not provide a privilege log addressing the items that it believes are covered by this request."  (Doc. 40, at 28.)  As such, the Court can only surmise that Defendant is not withholding any documents responsive to this interrogatory on the basis of a privilege.  Defendant is ordered to clarify the same and update any existing privilege log.  Plaintiff's motion is **GRANTED** in regard to Interrogatory No. 9.

**H.      Interrogatory No. 13.**

Interrogatory No. 13 asks for the identification of any evidence indicating Captain Eck was diagnosed with, or had symptoms of, "myxomatous degeneration of the mitral valve" prior to December 13, 2009.  (Doc. 40-3, at 15.)  Defendant again raises the attorney/client privilege and work product doctrine in response. (*Id.*)  Plaintiff contends that Defendant

>            does not have a basis for objecting to identifying the
>            evidence, including medical documentation, based on

11

> attorney/client privilege or work product doctrine. It is
> astonishing that [Defendant] thinks it can get away
> without identifying and producing the medical
> documentation it relied on to deny the AD&D benefit
> claim.

(Doc. 40, at 30.)  The Court is inclined to agree.  Further, Defendant's brief in

opposition does not provide any explanation as to how such medical information

would be subject to these legal claims of privilege.  (*See* Doc. 48, at 14.)

Defendant's objection is, therefore, overruled other than to the extent the

request implicates information that has been generated by Defendant's retained

experts (and will be disclosed in accordance with the Court's expert deadlines).

(*See* Doc. 40-3, at 14.)  However, "[t]he fact that a [party] may later supplement his

interrogatory response with an expert report does not permit him to initially refuse

to respond with whatever discoverable information he presently holds." ***Bradley v.***

***Val-Mejias***, No. 00-2395-GTV, 2001 WL 1249339, at *2 (D. Kan. Oct. 9, 2001).

Plaintiff's motion is, therefore, **GRANTED** in regard to Interrogatory No. 13.

## I.     Interrogatory No. 14.

This interrogatory asks Defendant whether it "agree[s] that your accidental

death benefit policy does not contain any exclusion for pre-existing conditions,

diagnosed or undiagnosed." (Doc. 40-3, at 15.)  Defendant objects that the request

is ambiguous in its use of the term "pre-existing conditions." (*Id*.)  The Court sees

12

nothing ambiguous about that term in the context of this lawsuit and the insurance policies implicated.  The objection is overruled.

Defendant also objects that the interrogatory "requires the disclosure of the mental impressions . . . or legal theories" of its attorneys.  The Court is also unpersuaded by this objection.  A party is entitled to know the factual basis of the opposing parties claims and defenses.  *Bradley*, 2001 WL 1249339, at *1 (internal citations omitted).

> Furthermore, requests for opinions or contentions that call for the application of law to fact are proper . . . and an interrogatory may properly inquire into a party's contentions in the case, *Bohannon v. Honda Motor Co.*, 127 F.R.D. 536, 538 (D .Kan.1989).  These types of interrogatories, known as "contention interrogatories" may be used to narrow and define the issues for trial, and they enable the propounding party to determine the proof required to rebut the responding party's position.  *Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 445, 446 (D.Kan.2000).

*Id*. (overruling a party's objection that an interrogatory seeks to discover counsel's mental impressions, opinions, and "outline and analysis" of the case).

Finally, Defendant objects that the discovery request calls for a legal conclusion.  (Doc. 40-3, at 15.)

> Under Fed.R.Civ.P. 33(a)(2), '[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact.'  Thus, to the extent plaintiffs contend that

> interrogatories may never seek legal opinions, they are
> incorrect. '[T]he only kind of interrogatory that is
> objectionable on the basis that it calls for a legal
> conclusion is one that extends to legal issues unrelated to
> the facts of the case.'

*In re Motor Fuel Temperature Sales Practices Litigation*, No. 07-1840-KHV,

2009 WL 3045718, at *2 (D. Kan. Sept. 21, 2009) (internal citations omitted).  The

legal conclusions sought by Plaintiff, if any, are clearly related to the facts of this

case.  Defendants objections to Interrogatory No. 14 are overruled and Plaintiff's

motion to compel is **GRANTED** in regard to this discovery request.

## J.    Interrogatory No. 18.

This interrogatory asks whether Defendant agrees that it "did not define

'bodily or mental illness or disease' in [its] accidental death benefit policy that

insured Captain Urban Eck's life?"  (Doc. 40-3, at 18.)  Defendant again objects

that this request "requires the disclosure of the mental impressions, conclusions,

opinions, or legal theories of [its] attorneys concerning this litigation."  (*Id*.)  For

the reasons stated in regard to Interrogatory No. 14, above, Defendant's objection

to this simple yes or no question is overruled.

## K.    Interrogatory No. 21.

Interrogatory No. 21 asks Defendant to state the reasons for denying

accidental death benefits and to identify any facts, witnesses or documents

supporting such denial. (Doc. 40-3, at 19.) Defendant objects that the request may implicate privileged information, while indicating witnesses that may have relevant facts "include those persons identified in response to other interrogatories herein, as well as those persons identified in the medical records and other documents identified in response to Plaintiff's Interrogatories and produced in response to Plaintiff's Requests for Production." (*Id*.) Plaintiff argues it "should not be required to review all of [Defendant's] responses" to discovery and "attempt to discern which records, and persons it relied on when it came to the conclusion that is should deny accidental death benefits." (Doc. 4, at 35.) The Court agrees. Plaintiff's motion is **GRANTED** in regard to Interrogatory No. 21 and Defendant is ordered to provide a complete and appropriate answer.

To the extent an appropriate privilege log was submitted in conjunction with Defendant's interrogatory responses, any properly identified, privileged documents are protected from disclosure. Plaintiff, however, contends that Defendant "has not provided privilege logs that show how some of the information that it relied on falls under the attorney/client privilege or work product doctrine." Again, if true, the Court can only surmise that Defendant is not withholding any documents responsive to this interrogatory on the basis of a privilege. Defendant is ordered to clarify the same and update any existing privilege log accordingly.

15

**L.      Interrogatory No. 23.**

This interrogatory requests a listing of "every complaint filed against you or any of your subsidiaries or affiliates for the past five years which was made to your corporation itself, or which was filed with the Office of Commissioner of the Kansas Insurance Department or any other agency that receives complaints regarding your business."  (Doc. 40-3, at 21.)  Defendant objects that the request is overly broad and unduly burdensome as it seeks information relating to complaints "regardless of whether such complaints had any merit or related to policies, benefits, or claims that are the subject matter of this lawsuit, and seeks information relating to complaints that are unrelated to any issues presented in this suit."  (*Id.*)  The Court agrees.  This interrogatory, as written, is facially over broad and encompasses information that is entirely irrelevant to the claims and defenses made in this lawsuit.  Plaintiff's motion is, therefore, **DENIED** in regard to Interrogatory No. 23.

**M.      Interrogatory No. 24.**

Interrogatory No. 24 asks Defendant to list every "accidental death benefit claim that has been filed with you, in the last ten years," and to indicate whether the claim was paid in full or denied (and the reason for any such denial).  (Doc. 40-3, at 21.)  Defendant again objects to the overbreadth of the request, arguing that it

seeks information regarding claims "regardless of whether such claims policies, benefits, or claims that are the subject of this lawsuit, and seeks information relating to claims that are unrelated to any issues presented in this suit." (*Id.*) Plaintiff's brief focuses on Defendant's unduly burdensome objection but fails to discuss the breadth of the request. The Court anticipates this is because Plaintiff realizes that the request, as written, is overly broad on its face. Plaintiff's motion is **DENIED** in regard to Interrogatory No. 24.

## Requests for Production

### A.    Request for Production No. 1.

The first document request at issue seeks "[a]ll statements or recordings of parties and witnesses taken by anyone." (Doc. 40-1, at 4.) Defendant objects  that the request may implicate privileged information and seeks the disclosure of confidential documents without a protective order. (*Id.*) Defendant also objects to the breadth of the request "as it does not limit the requested statements and recordings to those that are related to the allegations in the Petition." (*Id.*) The Court agrees that Plaintiff's request, as worded, is not properly limited in terms of subject matter. As such, Defendant's objection is sustained in this regard. Defendant is, however, ordered to provide all such non-privileged statements or recordings that relate to the subject matter of Plaintiff's claims or Defendant's

17

defenses.  To the extent that any information is being withheld on a claim of privilege, Defendant is ordered to provide a compliant privilege log to the extent it has failed to do so previously.

**B.      Request for Production No. 3.**

This document request seeks "[a]ll non-privileged reports made by any person that investigated this matter."  (Doc. 40-1, at 5.)  Defendant objects that the term "matter" is vague and ambiguous.  The Court is satisfied that defense counsel can adequately employ the common sense meaning of this term in the context of this discovery request to resolve any potential confusion.  To the extent counsel is unable to do so, the Court instructs them to define "matter" as the issues relating to Plaintiff's claims and Defendant's defenses in this lawsuit.  Defendant also objects that the term "investigated" is ambiguous.  As the Court held in regard to Interrogatory No. 9, above, at best, Defendant has failed to meet its burden to establish vagueness or ambiguity as to the term "investigation."  *See **Anderson***, 2010 WL 4822564, at *5.  At worst, Defendant's objection is disingenuous given the common sense meaning of this word.  Defendant's objections are overruled and Plaintiff's motion is **GRANTED** in regard to Request No. 3.

**C.      Request for Production No. 4.**

Request for Production No. 4 seeks "[c]opies of all documents designated in your answers to interrogatories, if not already requested in the preceding pleadings."  (Doc. 40-1, at 5.)  Defendant objects that it seeks the disclosure of confidential information absent a protective order.  Given the subsequent entry of at least two protective orders in this case (Docs. 56, 57) – as well as one entered prior to the filing of the parties briefs (Doc. 37) – the Court anticipates this issue has been resolved.[2]  To the extent it has not, the parties are instructed to submit a proposed Protective Order by the deadline set forth at the end of this Order. Further, Defendant stated it would "respond to this request at the time it responds to [Plaintiff's] amended interrogatories by producing relevant unprivileged documents identified in its responses to [Plaintiff's] amended interrogatories." (Doc. 40-1, at 5.)  To the extent Defendant has yet to do so, Defendant is ordered to provide the materials to Plaintiff's counsel forthwith.  Plaintiff's motion is **GRANTED** in regard to Request No. 4.

## D.     Request for Production No. 5.

This document request seeks "personal notes, memoranda . . . [etc.] which were prepared and/or maintained by defendant which relates in any way to the

---

[2]  The Court anticipates the same is true in regard to Defendant's similar objections in response to Requests for Production Nos. 7, 8, and 10.

claims in this lawsuit." (Doc. 40-1, at 15.) Defendant objects that the request is ambiguous as to which persons constitute "defendant." The Court overrules this objection and determines that Defendant should have no trouble determining which individuals are implicated by this request.

Defendant also objects that the request is overly broad and unduly burdensome. The objections are also unsupported. For example, Defendant contends that Plaintiff has not limited the time frame of the request. Considering the events at issue occurred beginning in 2009, the request is adequately limited in time by the context of this lawsuit. Defendant also has not adequately supported the unduly burdensome objection. *High Point SARL v. Sprint Nextel Corp*., No. 09-2269-CM-DJW, 2011 WL 4036424, at *15 (D.Kan. Sept. 12, 2011). As the Court held in regard to Interrogatory No. 3, above, virtually all responsibilities in responding to discovery are *burdensome*, but Defendant has not established that the request is *unduly* burdensome. *See Design Basics, L.L.C.*, 271 F.R.D. at 522. As such, the objection is overruled and Plaintiff's motion is **GRANTED** in regard to Interrogatory No. 3.

**E.     Request for Production No. 7.**

Request for Production No. 7 asks for "all documents of any insurance claim file of any kind relating to the occurrence." (Doc. 40-1, at 7.) Defendant objects

that the request is "overly broad and ambiguous" as to whether it "is limited solely to the claims file associated with the claim for benefits made on behalf of Mr. Eck."  (*Id.*)  Plaintiff has clarified that its Petition "deals with only one 'occurrence' which is the death of Captain Eck, and [Defendant's] denial of [Plaintiff's] claim for payment of the AD&D benefits on Captain Eck's life." (Doc. 40,a t 16.)  With this clarification, there should be no ambiguity as to what Plaintiff is seeking.  (*See* Doc. 48, at 21.)  The objection is overruled.

Defendant also objects that the request seeks information that may be privileged.  To the extent that any information is being withheld on a claim of privilege, Defendant is ordered to provide a compliant privilege log to the extent it has failed to do so previously or sufficiently update any existing privilege log.

Defendant next objects that the request seeks information not reasonably calculated to lead to the discovery of admissible evidence.  (Doc. 40-1, at 7.) Given the low threshold of discovery relevance, ***Teichgraeber***, 932 F.Supp. at 1265, the Court finds Request No. 7 to be undeniably relevant.  Further, Defendant makes little or no effort to meet its burden to support this objection.  *See* Doc. 48, at 17; *see also* ***Linnebur v. United Telephone Ass'n, Inc***., No. 10-1379-RDR, 2011 WL 3490022, at *7 (D.Kan. Aug. 10, 2011) (holding that it is the objecting

party's burden to support a relevance objection).  Defendant's objections are

overruled and Plaintiff's motion is **GRANTED** in regard to Request No. 7.

**F.      Request for Production No. 8.**

        Request for Production No. 8 seeks Defendant's "complete underwriting

files referring to or relating in any way to the policy at issue in this action."  (Doc.

40-1, at 7.)  Defendant's objections to this request mirror those it made in response

to Request for Production No. 7.  *See also* n.2, *supra*.  As such, the Court's

analysis to those objections is incorporated herein by reference.  While Defendant

has made more of an effort to discuss the potential irrelevance of this request (*see*

Doc. 48, at 17-18), it still does not establish "that the information sought can have

no possible bearing on the subject matter of the action."  ***Snowden***, 137 F.R.D. at

341.  Further, there is no question but that Plaintiff seeks the requested information

as it relates to "the policy at issue . . . ."  (*Id.*; *see also* Doc. 40, at 18.)  Defendant's

objections are overruled and Plaintiff's motion is **GRANTED** in regard to Request

No. 8.

**G.      Request for Production No. 10.**

        In the final discovery request at issue, Plaintiff has asked for all relevant re-

insurance files.  (Doc. 40-1, at 8.)  Defendant objects that the request seeks

information that "may" be privileged.  (*Id.*)  To the extent that any information is

being withheld on a claim of privilege, Defendant is ordered to provide a compliant

privilege log to the extent it has failed to do so previously.

Defendant also objects to the relevance of the request.  While the Court

acknowledges the relevance of this request is tenuous to Plaintiff's claims and

Defendant's defenses, Defendant still does not establish "that the information

sought can have no possible bearing on the subject matter of the action."

***Snowden***, 137 F.R.D. at 341.  As such, the objection is overruled.

Finally, Defendant objects that the request seeks documents not in its

possession, custody, or control.  (Doc. 40-1, at 9.)  More specifically, Defendant

argues that

> [d]ocuments regarding [Defendant's] reinsurance of risks
> is as easily obtainable from [Defendant's] reinsurer by
> [Plaintiff] as they are by [Defendant].  [Defendant] has
> only limited documents within its possession, custody, or
> control pertaining to the reinsurance of its policies and
> the vast majority of the documents requested in RFP 10
> are instead in the possession, custody, and control of
> [Defendant's] reinsurer.

(Doc. 48, at 32.)  As an initial matter, Defendant concedes that it has "limited

documents within its possession" and yet no responsive documents have been

produced.  Defendant is ordered to produce any such responsive documents to

which it was referring.

23

Further, it is arguable whether Defendant does not have "possession, custody, or control" of documents maintained by its reinsurer.  Regardless, given Defendant's protestations, the Court will instruct Plaintiff to subpoena these documents from Defendant's re-insurer directly if the documents are still desired. Given the Court's holdings in regard to the substance of Request No. 10, the parties are advised that the Court will not look favorably on any relevance objections raised in regard to the issuance of any such subpoena to Defendant's re-insurer.

### Attorneys Fees

Because Plaintiffs' motion to compel was granted in part and denied in part, the Court finds that an award of expenses and attorneys fees is not warranted in this case as to either party.  *See* Fed. R. Civ. P. 37(a)(5)(C).

**IT THEREFORE ORDERED** that Plaintiffs' Motion to Compel (Doc. 39) is **GRANTED in part** and **DENIED in part** as set forth above.  Defendant is to produce supplemental discovery responses – and any attending privilege logs – to Plaintiff's counsel no later than **November 4, 2011.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 14th day of October, 2011.

 s/ KENNETH G. GALE

Kenneth G. Gale
United States Magistrate Judge