## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WICHITA FIREMEN'S RELIEF ) <br> ASSOCIATION, ) <br> ) <br>                 Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KANSAS CITY LIFE INSURANCE ) <br> COMPANY, ) <br> ) <br>                 Defendant. ) <br> _____ ) | Case No. 11-1029-KGG |

## **ORDER DENYING MOTION FOR ORDER TO SHOW CAUSE**

The Court is now obliged to consider Plaintiff's Motion for Order to Show Cause (Doc. 124). Because the Plaintiff has not requested any specific relief, and because the Defense conduct of which Plaintiff complains was not committed wilfully or in bad faith, the motion is **DENIED**.

## **FACTS**

In this action, Plaintiff challenges Defendant's denial of life insurance coverage for one of its members. Plaintiff sues both for the proceeds allegedly due under the insurance contract and for attorney fees for Defendant's alleged denial of the claim without just cause or excuse. (Doc. 1-1.) These claims are denied by Defendant. (Doc. 6.)

In the year since this action was filed, it has occupied a great deal of this Court's attention. The Court has ruled on numerous discovery motions, and has held lengthy hearings on pending motions. It is the Court's perception that the contentiousness of these proceedings has caused the parties, in some instances, to misinterpret missteps by their opponent as intentional interference.

In the present motion, Plaintiff revisits this Court's previous order overruling certain objections to discovery requests, and complains concerning the manner in which Defendant responded to those requests after its objections were overruled by the Court. (Doc. 97.) The complaints include that, after the objections were overruled, Defendant stated it had no further responses, which Plaintiff claims demonstrated bad faith in asserting the original objections. Plaintiff also complains that Defendant responded with a "document dump" of duplicative and voluminous documents with, in some cases, blank pages and improper redactions. Plaintiff also complains about certain documents being marked "confidential" under the protective order. Plaintiff contends that Defendant's production of documents form has made it difficult to tie document production to specific requests. Plaintiff further contends that Defendant has failed to provide compliant privilege logs.

Plaintiff does not request specific and directed remedies for any of these complaints. (Doc. 124, at 29.) It does not, for example, ask the Court to re-order

new privilege logs or to order that Defendant re-organize its document production or strike certain protective order designations. The Court infers that, although perhaps through extra effort by Plaintiff, Plaintiff has received the information it requires in discovery.

Plaintiff states that it needs "some kind of effective court intervention" and asks the Court to review the voluminous document production. Plaintiff admits being "at a loss now to know what relief to request." Plaintiff states it is "looking to the Court to fashion an appropriate remedy." In its reply, Plaintiff describes the present motion as one asking the Court for an Order to Show Cause why the Defendant should not be held in contempt and sanctioned for failing to comply with the Court's discovery orders. In its reply, Plaintiff for the first time urges the Court to strike Defendant's defenses or enter judgment against Defendant as a sanction.

Defendant responds, denying the allegations of bad faith. Defendant contends that documents were produced in the form they were maintained, which included various files that included duplicate documents. Defendant states that while this motion is pending it is continuing to attempt to "de-duplicate" some documents. Defendant admits that some blank pages were produced, attributing that, in some instances, to the maintenance of blank pages in produced files or to the inadvertent copying of blank backs of documents. Defendant argues that

Plaintiff failed to confer as required by D. Kan. Rule 37.2, by communicating these particular concerns only by letter. Defendant states that its designations of documents under the protective order was proper. Defendant describes its responses following this Court's order and contends that it was compliant.

Federal Rule of Civil Procedure 7(b)(1)(C) states that a motion must "state the relief sought." Asking the Court to review voluminous documents and fashion and appropriate remedy does not satisfy this requirement. In its reply, Plaintiff proposes the strongest possible sanction – the entry of judgment or striking of defenses. These sanctions, the only ones proposed, are proper only upon serious culpability of the party, including willfulness or bad faith. In addition, the Court must evaluate the prejudice to the moving party, the amount of interference with the judicial process, the culpability of the litigant, whether the litigant had been previously warned of the possible sanction, and the efficacy of lesser sanctions. ***Garcia v. Berkshire Life Insurance Company of America***, 569 F.3d 1174 (10th Cir. 2009); ***ICE Corporation v. Hamilton Sundstrand Inc.***, No. 05-4135-JAR-KGS, 2007 WL 3037467, at *2 (D. Kan. Aug. 9, 2007).

While the Court recognizes its inherent authority to sanction discovery abuses, it is convinced that the complained of conduct in this case was not the result of bad faith or wilfulness and thus does not warrant the relief requested. The Court is also convinced that the ability of Plaintiff to present its claims in this

case has not been prejudiced by the Defendant's performance during discovery.

Plaintiff's "Motion for Order to Show Cause" (Doc. 124) is, therefore,

**DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 28th day of February, 2012.

    S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge