## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| WICHITA FIREMEN'S RELIEF ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 11-1029-KGG |
| KANSAS CITY LIFE INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

### ORDER ON MOTION TO QUASH SUBPOENAS

Now before the Court is Plaintiff's Motion to Quash Subpoenas (Doc. 154).

Having reviewed the submissions of the parties, the Court **GRANTS in part** and

**DENIES in part** Plaintiff's motion.

### FACTS

Plaintiff in the matter before the Court is Wichita Firemen's Relief

Association, a public body organized under the Firefighters Relief Act, K.S.A.

§40-1701, *et seq.*, to administer public funds and consisting of members of public

fire departments.  (See Doc. 1-1.)  This case results from an alleged on-duty injury,

a rupture of the chordae tendinae, sustained by Captain Urban Eck ("Captain Eck"

1

or "decedent"), an employee of the Wichita Fire Department, while fighting a local fire.

Plaintiff contends the injury necessitated heart surgery and that Captain Eck died as a result of surgical complications.  Plaintiff, which had a group policy of insurance issued by Defendant, brings its present claims seeking payment of an accidental death and dismemberment (AD&D) benefit which Plaintiff contends was a rider to the insurance policy issued by Defendant.  Plaintiff alleges that Defendant has "failed to support its claim that Captain Eck was diseased or ill before he ruptured the tissues of his heart on December 13, 2009," and, therefore, Defendant's refusal to pay the AD&D benefit is "without just cause and excuse."

As noted in the Court's February 28, 2012, Order denying Plaintiff's Motion for Order to Show Cause (Doc. 140), this action has occupied a great deal of this Court's attention since its inception.  The Court has ruled on numerous discovery motions, and has held lengthy hearings on pending motions.  (*See generally* Doc. 128; *see also* Docs. 80, 93, 95, 98, 108, 124, 140.)  The Court has previously been asked to quash other subpoenas.  (Docs. 98, 128.)

In the matter presently before the Court, Plaintiff asks the Court to quash the subpoenas issued by Defendant to insurance agent Patrick Hill and the Hutton & Hutton Law Firm, which represents the widow of decedent in medical malpractice litigation concerning medical care decedent received after the rupture of his

chordae tendinae.  (Doc. 155; Doc. 155-2.)  The subpoena to Hill seeks

information relating to the underlying insurance contract at issue and claims raised

by decedent's family.  (Doc. 155-2, at 4-5.)  The subpoena to Hutton & Hutton

seeks information relating to the two medical malpractice cases filed by the law

firm on behalf of decedent's widow.  (*Id*., at 9.)  Plaintiff argues that although the

subpoenas were not served on it, it has standing to object because they seek

information in which Plaintiff has a personal right.  (Doc. 155, at 4.)  Plaintiff

contends the subpoenas constitute continued "fishing expeditions" by Defendant in

an effort to find evidence that decedent was ill before his chordae tendinae

ruptured.  (*Id*., at 2, 3.)  Plaintiff objects that the subpoenas are overly broad and

burdensome, seek irrelevant information, and seek information in Defendant's

possession and/or readily obtainable from another third party.  (Doc. 155, at 4.)

## ANALYSIS

A.     **Standing**.

As an initial matter, the Court must consider whether Plaintiff has standing

to object to the third-party subpoenas at issue.  Because this issue, if decided

against Plaintiff, would foreclose further analysis on some or all of Plaintiff's

arguments, the Court will address it first.

As this Court held in it's Order on a previous motion to quash in this matter,

"[a] motion to quash or modify a subpoena duces tecum may be made only by the

party to whom the subpoena is directed." (Doc. 128, at 17 (citing **Peterbilt of Great Bend, LLC v. Doonan**, 05-1281-JTM, 2006 WL 3193371, at *2 (D. Kan. Nov. 1, 2006) (internal citation omitted)). An exception to this rule is when the party challenging the subpoena "has a personal right or privilege in respect to the subject matter requested in the subpoena." **Smith v. Midland Brake, Inc.**, 162 F.R.D. 683, 685 (D. Kan. 1995); *see also* **Hertenstein v. Kimberly Home Health Care, Inc.**, 189 F.R.D. 620, 635 (D.Kan. 1999).

Plaintiff states that it has been in a business relationship with Mr. Hill since 1988, who is the "insurance agent who assisted [Plaintiff] when it entered into the contract which is at issue in this matter." (Doc. 155, at 4.) According to Plaintiff, this creates a "personal right" on its behalf "concerning the items that KCL is seeking" from Hill. (*Id*.) Because Plaintiff was the policyholder of the policy in question, and because Hill was Plaintiff's insurance agent for that policy, the Court is satisfied that Plaintiff has a personal interest in the information sought by the Hill subpoena.

The same is not the case, however, for the information sought via the subpoena served on the Hutton & Hutton Law Firm. Plaintiff argues that it "has the status of a trustee over the Policy proceeds" and "is seeking the payment of the accidental death benefits for the benefit of" decedent's widow, Lori Eck. (Doc. 170, at 6.) This is uncontroverted by Defendant and the Court agrees. Plaintiff

continues, however, that it "has standing as a trustee to prevent KCL from subjecting Lori Eck, and the attorneys who represent her from the harassment that KCL is engaging in by conducting yet another fishing expedition for documents to support the 2010 denial [of coverage], which was without just cause or excuse." (*Id.*)  The Court finds this argument to be unpersuasive to create a "personal" interest on the behalf of Plaintiff in regard to documents created and maintained in separate and independent malpractice litigation in which Mrs. Eck – but not Plaintiff – is a party and is represented by entirely different counsel.

As such, the Court holds that Plaintiff does not have standing to object to the subpoena requesting information from the Hutton & Hutton Law Firm.  Ms. Eck and/or Hutton & Hutton could have done so but, for whatever reason, chose not to do so.  The portion of Plaintiff's motion relating to this subpoena (Doc. 155-2, at 6-9) is **DENIED**.  The Court will address Plaintiff's remaining objections in the context of the Hill subpoena.

**B.     Patrick Hill Subpoena**.

Federal Rule of Civil Procedure 26(c) governs protective orders and provides, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending.... The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The

court may, for good cause, issue an order to protect a
party or person from annoyance, embarrassment,
oppression, or undue burden or expense, including one or
more of the following:
* * *
(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place, for the
disclosure or discovery;
* * *
(D) forbidding inquiry into certain matters, or limiting
the scope of disclosure or discovery to certain matters;....

Fed.R.Civ.P. 26(c)(1).

The party seeking to quash a subpoena must show "good cause" for the requested protective order. *Id.*; ***Sloan v. Overton***, No. 08-2571-JAR-DJW, 2010 WL 3724873 (D.Kan. Sept. 17, 2010). To establish "good cause" within the meaning of Rule 26(c), the party must clearly define the potential injury to be caused by dissemination of the information. ***Zhou v. Pittsburg State Univ.***, No. 01-2493-KHV, 2002 WL 1932538, at *2 (D.Kan. July 25, 2002).

Plaintiff argues that the subpoena issued by Defendant to insurance agent Pat Hill is overly broad and burdensome, seeks irrelevant information, and seeks information in Defendant's possession and/or readily obtainable from another third party. (Doc. 155, at 4.) The Court will address each of these issues in turn. The Court notes that Plaintiff's motion does not specifically discuss categories 8, 15 and 17 enumerated in the subpoena. (*See generally* Doc. 155, at 4-11.) Thus, any

6

objection Plaintiff may have had regarding the relevance of these categories has been waived.

**1.     Undue burden**.

Although the Court has held that Plaintiff has standing to object to the Hill subpoena, the Court fails to see how Plaintiff could have standing to raise the particular objection of undue burden.  Plaintiff is concerned that "there is no good faith basis" to request certain categories of documents "other than to run up additional fees."  (Doc. 155, at 6.)   Even assuming that responding to the subpoena is unduly burdensome, the burden and the brunt of the expense will not fall on Plaintiff's shoulders for the simple reason Plaintiff and it's counsel will not be involved in compiling the response.  This particular objection is personal to Mr. Hill.  As such, this objection is **overruled** as to each category of information in the subpoena, specifically categories 1, 12, and 14.

**2.     Relevance**.

Federal Rule of Civil Procedure 26(b)(1) provides, in relevant part:

> [u]nless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at

7

the trial if the discovery appears reasonably calculated to
lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1).

"[T]he scope of discovery under a subpoena is the same as the scope of

discovery under Rules 26(b) and 34." ***Goodyear Tire & Rubber Co. v. Kirk's Tire***

***& Auto Servicenter of Haverstraw, Inc***., 211 F.R.D. 658, 622 (D. Kan. 2003)

(citations omitted).  "'Discovery relevance is minimal relevance,' which means it is

possible and reasonably calculated that the request will lead to the discovery of

admissible evidence." ***Teichgraeber v. Memorial Union Corp. of Emporia State***

***University***, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).

"Relevance is broadly construed at the discovery stage of the litigation and a

request for discovery should be considered relevant if there is any possibility the

information sought may be relevant to the subject matter of the action." ***Smith v.***

***MCI Telecommunications Corp.***, 137 F.R.D. 25, 27 (D.Kan.1991).  Stated another

way, "discovery should ordinarily be allowed unless it is clear that the information

sought can have no possible bearing on the subject matter of the action." ***Snowden***

***By and Through Victor v. Connaught Lab.***, 137 F.R.D. 325, 341 (D.Kan.1991),

appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).  The issue is not whether

the information will be admissible at trial, but whether it meets discovery threshold

of relevancy.

Plaintiff specifically raises a relevancy objection in regard to categories 3 (total amount of premiums paid), 11 (communications with decedent's family), 13 (communications with Defendant), and 16 (insurance policies relating to Defendant or decedent). Plaintiff also infers a relevance objection in regard to category 1 (documents relating to the underlying insurance policy and its amendments and riders) by stating that the request is "illogical."

The Court is not satisfied that Plaintiff has adequately supported what, in certain instances, constitute boilerplate objections. *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661, 662, 666 (D.Kan.2004) (holding that party objecting to a discovery request bears the burden to support the objections). For instance, Plaintiff asserts that certain categories of requested documents are irrelevant, without attempting to explain *how* they are irrelevant. (*See e.g*., Doc. 155, at 9 (in regard to category 11); *id*., at 10 (in regard to category 13).)

Considering the minimal threshold for discovery relevance, the Court **overrules** the relevance objection in regard to the categories in which it was raised (1, 3, 11, 13, and 16). Given the claims and defenses in this lawsuit, the communications at issue could reasonably lead to the discovery of admissible evidence. Further, the Court fails to see how information relating to the underlying policy could be considered irrelevant.

**3.    Overbreadth**.

Plaintiff raises this objection in regard to categories 1 (all documents relating to the policy and amendments, riders, etc), 7 (copies of policy in effect), 9 (communications with the Wichita Fire Department), 10 (communications with Plaintiff ), 11 (communication with decedent's family), 12 (communications with Defendant), 13 and 14 (documents and communications with or relating to Plaintiff, the Wichita Fire Department, the policy, decedent and his family), and 16 (insurance policies relating to Defendant or decedent).  Plaintiff contends that the requests are overly broad in regard to time, scope and subject matter.

Having already noted the low threshold for discovery relevance, the Court is not inclined to find that the subject matter of these categories of requested information – generally relating to the insurance policy at issue and/or communications between relevant parties – are beyond the scope of discoverable information in this case.  As such, this objection is **overruled**.

The Court does, however, agree with Plaintiff's argument that certain requests are overly broad in regard to time.  Plaintiff states that the parties "entered into this contract on September 1, 2001, and the events that are at issue in this litigation occurred starting December 2009," the date of decedent's injury.  (Doc. 155, at 6.)  Other than categories 4, 5, and 6 (relating to claims made, denied or paid on the policy), none of the categories of information requested are limited in terms of time.  As enumerated above, however, Plaintiff has raised this objection

only in regard to categories 1 , 7, 9, 10, 11, 12, 13, 14, and 16.  The Court **sustains** Plaintiff's objection relating to the time period for requested information responsive to these categories and limits it to September 2001 (when the parties entered into this contract of insurance) to the present.

      **4.**      **Information in Defendant's possession or available elsewhere**.

Plaintiff raises this objection in regard to categories 1 (all documents relating to the policy and amendments, riders, etc), 4 (claims against the policy), 5 (denial of claims made against the policy), 6 (payment of claims), 7 (copies of policy in effect), 9 (communications with the Wichita Fire Department), 10 (communications with Plaintiff), and 16 (insurance policies relating to Defendant or decedent).  Even assuming Defendant does possess documents responsive to these categories requested in the subpoena, this does not mean Defendant has no valid interest in discovery another entity's files regarding the same types of information.  Further, this objection – which basically relates to the burdensomeness of the subpoena – is Mr. Hill's to raise, not Plaintiff's.  This objection is **overruled**.

      **5.**      **Redundant categories**.

Plaintiff also argues that categories 13 and 14 (encompassing documents and communications with or relating to Plaintiff, the Wichita Fire Department, the policy, claims made against the policy, decedent and his family) are "basically . . .

verbatim request[s] of the requests already addressed in the subpoena." (Doc. 155, at 10.) The Court notes that certain portions of the documents requested in categories 13 and 14 would appear to overlap with categories 4, 5, 6, 9, 10, and 11. There are, however, slight differences in the language used in categories 13 and 14 as compared to these others. As such, the Court **overrules** this objection. Obviously, if documents are already being produced in response to the other categories of information requested, the respondent will be able to simply refer to such responsive information. Again, this objection – which arguably relates to the burdensomeness of the subpoena – is Mr. Hill's to raise, not Plaintiff's. This portion of Plaintiff's motion is **DENIED**.

IT IS THEREFORE ORDERED the objections raised in Plaintiff's Motion to Quash Subpoena (Doc. 154) are sustained in part and overruled in part as more fully set forth herein. Plaintiff's motion is, therefore, **GRANTED in part** and **DENIED in part**. Responsive documents shall be served on Defendant from Mr. Hill and the Hutton & Hutton law firm within **30 days** of the date of this Order.

**IT IS SO ORDERED.**

Dated this 8th day of August, 2012, at Wichita, Kansas.

 s/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE