## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| WICHITA FIREMEN'S RELIEF ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 11-1029-KGG |
| KANSAS CITY LIFE INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER
## DENYING MOTION FOR PROTECTIVE ORDER

Plaintiff has filed a pleading styled "Plaintiff's Motion for Protective Order and a Determination as a Matter of Law Pursuant to Fed.R.Civ.P. 56 That Plaintiff is Entitled to A *De Novo* Review of Defendant's Decision to Deny Coverage – On the Administrative Record– and Quashing and Staying Defendant's Discovery of Post Administrative Appeal Matters." (Doc. 204.) On August 30, 2012, the Court held a hearing at which counsel for the parties appeared to discuss the effect of this motion on pending discovery. Plaintiff provided some clarification of the motion's purpose, aims and contentions. Defendant has filed a response to the portion of the motion relating to requested discovery relief.

The filed motion is essentially two motions. One is a motion for partial

summary judgment under Rule 56 requesting a determination as a matter of law that because of documents Plaintiff contends were recently discovered, the insurance contract that is the subject of this action is either directly controlled by the Employment Retiree Income Security Act (ERISA), or, because ERISA rights were part of the insurance contract, is subject to certain incorporated ERISA rules and procedures even if not directly subject to the Act.  The motion includes a request for a determination by the Court that the review by the Court of Defendant's denial of coverage should, because ERISA standards apply, be limited to a *de novo* review of the medical coverage issues based only on evidence that was before the insurer at the time of the denial (referred to by Plaintiff as the "administrative record").  The time for Defendant to respond to this portion of the motion under D. Kan. Rule 6.1(d) has not passed, and the motion for summary judgment portion of the motion is not ripe.

The portion of the motion presently at issue is a request that all discovery be stayed or quashed, and that the Court enter a protective order, because the discovery is directed to facts, primarily medical facts, which are beyond the "administrative record."  Defendant has filed a response opposing this request. Plaintiff contends that because the scope of the Court's review of the insured's medical qualification for coverage should now be limited to the "administrative record" (the argument in the motion for partial summary judgment), any additional

discovery into medical facts not considered by Defendant at the time of the denial is improper.  Plaintiff asks the Court to stop discovery directed to such information as beyond the scope of discovery under Rule 26.

Defendant has urged the Court to deny the request because of flaws in the motion to Quash under Rule 45 and flaws in the request for Protective Order under Rule 26.  The Court, however, views Plaintiff's motion, as a practical matter, as a motion to stay current discovery while the Court considers the pending motion for summary judgment.[1]  The Court does not doubt its authority to limit discovery to its proper scope under Rule 26, or to stay discovery if that action would result in the more "just, speedy and inexpensive" resolution of this matter.  Fed.R.Civ.P. 1.

However, the Plaintiffs request is not correct or practical.  Plaintiff has previously attempted unsuccessfully to limit additional medical discovery.  The Court has ruled that the Plaintiff's plead cause of action for breach of contract, which has not changed (Amended Complaint, Dkt. 69), alleges the medical condition of the insured, and that discovery into his condition was proper.  (See Memorandum and Order, Dkt. 128).  The Plaintiff has not changed or withdrawn those contentions.  Neither has the plaintiff committed to adopting its new ERISA

---

[1]  Because Plaintiff presented the substantive issue under Rule 56, the Court cannot make an actual decision concerning the correctness of the new legal theory, and thus the substantive relevance of pending discovery,  until the motion for summary judgment is ripe.

theory as its only theory of recovery in this case.  The defense is still entitled to

conduct that discovery, which remains within the proper scope inquiry under Rule

26.

There are practical considerations.  The motion for summary judgment,

which asks the Court to endorse the new ERISA theory, will not be decided for

some time.  Defendant's response is not due until September 11, and Plaintiff will

have a right to file a reply fourteen days thereafter.  It is also far from clear to the

Court that resolution of that motion will finally decide the propriety of completing

pending discovery.  The deadline for the completion of discovery is October 3,

20123, and the Pretrial Conference is scheduled for October 31, 2012.  The

remaining discovery, to be completed in the next few weeks, includes four

depositions of local witnesses (one of which, a non-medical provider witness, may

not be affected by the new theory), and the tying up of some loose ends on some

pending written discovery and document production.[2]  Much discovery on medical

issues has been completed, and the parties have exchanged expert reports on

medical issues.  Staying discovery at the end of the discovery period, and

rescheduling the Pretrial Conference (and the trial date) while the Court considers

the motion for partial summary judgment (which will not dispose of the case), will

---

[2]  The Court understands that this currently-planned discovery may not be the only discovery attempted before the close of discovery.

not promote the efficient resolution of this dispute.

The Plaintiff's motion for a Protective Order, to Quash discovery or otherwise to stay discovery is, therefore, **DENIED**.  To the extent that the motion requests *in limine* relief and a ruling that evidence outside the alleged "administrative record" will not be considered at trial, the motion is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated this 31st day of August, 2012, at Wichita, Kansas.

 s/ KENNETH G. GALE                   
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE