**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

WICHITA FIREMEN'S RELIEF              )
ASSOCIATION,                          )
                                      )
                    Plaintiff,        )
                                      )
v.                                    )        Case No. 11-1029-KGG
                                      )
KANSAS CITY LIFE INSURANCE            )
COMPANY,                              )
                                      )
                    Defendant.        )
_____      )

## ORDER ON MOTION TO QUASH SUBPOENAS

Now before the Court is Defendant's Motion to Compel Compliance with

Third-Party Subpoena to Patrick Hill.  (Doc. 175.)  Having reviewed the objections

to the Hill subpoena previously raised by Plaintiff in the context of Hill's

correspondence adopting Plaintiff's objections, the Court **GRANTS in part** and

**DENIES in part** the motion.

## FACTS

The Court previously entered an Order (Doc. 189) granting in part and

denying in part Plaintiff's Motion to Quash the subpoena at issue (Doc. 154).  The

facts of this case were adequately summarized in that Order of August 8, 2012.

(Doc. 189, at 1-3.)  That summary is incorporated herein by reference.  The Court

now considers correspondence containing a signature block for "Patrick Hill."

(Doc. 176-3.)   The correspondence was drafted, signed, and sent *by Plaintiff's counsel* on Hill's behalf because he was apparently traveling with no computer access.  (*Id*.)  In the correspondence, Mr. Hill's adopts the objections and arguments raised by Plaintiff in support of its Motion to Compel (Doc. 155) with no additional argument or discussion.

## ANALYSIS

**A.**     **Standards on Motions to Compel**.

Fed.R.Civ.P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  As such, the requested information must be both nonprivileged and relevant to be discoverable.

"'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence."  ***Teichgraeber v. Memorial Union Corp. of Emporia State University***, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).  "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information

sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991).  Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden By and Through Victor v. Connaught Lab.*, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).

Discovery requests must be relevant on their face. *Williams v. Bd. of County Comm'rs*, 192 F.R.D. 698, 705 (D. Kan. 2000).  Once this low burden of relevance is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request.  *See Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections).

Although the scope of discovery is broad, it is not unlimited.  If the proponent has failed to specify how the information is relevant, the Court will not require the respondent to produce the evidence.  *Gheesling v. Chater*, 162 F.R.D. 649 (D.Kan.1995).  Even so, courts look "with disfavor on conclusory or boilerplate objections that discovery requests are irrelevant, immaterial, unduly burdensome, or overly broad." *Id*., 650.  "Unless a request is overly broad, irrelevant, or unduly burdensome on its face, the party asserting the objection has

the duty to support its objections." *Sonnino v. University of Kansas Hosp. Authority*, 221 F.R.D. 661, n. 36 (D.Kan.2004) (citing *Hammond v. Lowe's Home Ctrs., Inc*., 216 F.R.D. 666, 670 (D.Kan. 2003)); *Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 685 (D. Kan. 1991) (stating that a party resisting a discovery request based on relevancy grounds bears the burden of explaining how "each discovery request is irrelevant, not reasonably calculated to the discovery of admissible evidence, or burdensome"). Thus, "the objecting party must specifically show . . . , despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable." *Sonnino*, 221 F.R.D. at 670–71 (internal citation omitted).

In the prior Motion to Quash, Plaintiff argued that the subpoena issued by Defendant to insurance agent Pat Hill is overly broad and burdensome, seeks irrelevant information, and seeks information in Defendant's possession and/or readily obtainable from another third party. (Doc. 155, at 4.) As such, the Court will now consider these objections as Hill's own. As stated in the Court's previous Order(Doc. 189), Plaintiff failed to specifically discuss categories 8, 15, and 17 enumerated in the subpoena. (*See generally* Doc. 155, at 4-11.) Thus, any objection Mr. Hill may have had regarding these categories has been waived by Plaintiff's failure to address these categories and Hill's failure to address them himself.

**B.     Standing**.

Objects to a subpoena "may be made only by the party to whom the subpoena is directed."  (Doc. 128, at 17 (citing *Peterbilt of Great Bend, LLC v. Doonan*, 05-1281-JTM, 2006 WL 3193371, at *2 (D. Kan. Nov. 1, 2006) (internal citation omitted) (so holding in context of motion to quash or modify subpoena)). An exception to this rule is when the party challenging the subpoena "has a personal right or privilege in respect to the subject matter requested in the subpoena." *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995); *see also* **Hertenstein v. Kimberly Home Health Care, Inc.**, 189 F.R.D. 620, 635 (D.Kan. 1999).

The Court previously held that Plaintiff had standing to object to the third-party subpoena to Mr. Pat Hill, who is the "insurance agent who assisted [Plaintiff] when it entered into the contract which is at issue in this matter."  (Doc. 155, at 4.) Even still, the Court found that certain objections were unsupported or improper, and/or that Plaintiff did not have standing to bring particular objections.  (*See generally* Doc. 189.)

In summary, because Mr. Hill is adopting the arguments and objections previously made by Plaintiff, the Court's substantive rulings from it's previous Order will be applied to the objections as adopted by Hill.  Where appropriate, the Court will revisit those issues in the context of Mr. Hill's objections in this Order.

The present Order will, however, primarily focus on the specific objections which the Court previously held Plaintiff had no standing to raise, but which Mr. Hill obviously does.

**C.    Objections at Issue**.

   **1.    Relevance**.

   In its prior Order (Doc. 189) addressing Plaintiff's objections, the Court stated that it was not satisfied that Plaintiff adequately supported what, in certain instances, constitute boilerplate relevance objections. *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661, 662, 666 (D.Kan.2004) (holding that party objecting to a discovery request bears the burden to support the objections). By merely adopting Plaintiff's objections, Hill has, unfortunately, also adopted Plaintiff's failures to adequately support and explain the objections. For instance, Plaintiff asserted that certain categories of requested documents are irrelevant, without attempting to explain *how* they are irrelevant. (*See e.g*., Doc. 155, at 9 (in regard to category 11); *id*., at 10 (in regard to category 13).) Because Plaintiff's underlying relevance objections were found to be unsupported, especially given the minimal threshold for discovery relevance, the Court must again **overrule** the relevance objection in regard to the categories in which it was raised by Plaintiff (1, 3, 11, 13, and 16) and now "adopted" by Hill.

   **2.    Overbreadth and/or undue burden**.

These objections, as adopted by Hill, were raised by Plaintiff in regard to categories 1 (all documents relating to the policy and amendments, riders, etc), 2 (documents relating to the negotiation, purchase, renewal of the policy), 3 (documents regarding amount of premiums paid), 7 (copies of policy in effect), 9 (communications with the Wichita Fire Department), 9 (communications with Wichita Fire Department), 10 (communications with Plaintiff ), 11 (communication with decedent's family), 12 (communications with Defendant), 13 and 14 (documents and communications with or relating to Plaintiff, the Wichita Fire Department, the policy, decedent and his family), and 16 (insurance policies relating to Defendant or decedent).  Plaintiff objected that the requests are overly broad in regard to time, scope and subject matter.[1]

Noting the low threshold for discovery relevance – and Plaintiff's failure to explain any perceived relevance issues – the Court previously held that it was not inclined to find that the subject matter of these categories of requested information (which generally relate to the insurance policy at issue and/or communications between relevant parties) is beyond the scope of discoverable information in this case.  (*See* Doc. 189, at 10.)  As such, the Court overruled Plaintiff's subject matter

---

[1]  Plaintiff also specifically contended that categories 1, 12, and 14 were unduly burdensome, although the Court finds the burdensome objection to be subsumed in Plaintiff's overbreadth objection, at least as these objections relate to Hill.

overbreadth objection, while placing certain time restrictions in regard to Plaintiff's temporal overbreadth objection.[2]  (*Id.*, at 10-11.)

The Court finds that the subject matter of certain categories of requested information may, however, be overly broad (and/or unduly burdensome) when analyzed in the context of the burden on Hill, a third party, to comply with the subpoena as opposed to Plaintiff, the party who initiated this litigation and who would not even be responding to the subpoena.  Even so, the Court may only consider making such a finding in the regard to the categories of requested information for which Plaintiff made this objection in the underlying motion, enumerated above.

The Court finds that the information requested in category 3 regarding the amount of premiums paid with respect to the policy is unduly burdensome given the minimal relevance as there is no breach of contract claim at issue in this lawsuit.  This objection is **sustained**.

Given the temporal limitation of September 2001 through the present (*see* fn.4, *supra*), the Court finds the information sought by category 1 (documents relating to the policy and amendments, riders, etc.), category 2 (documents relating

_____

[2]  Plaintiff specifically raised the temporal overbreadth objection in regard to categories 1, 7, 9, 10, 11, 12, 13, 14, and 16 of the Hill subpoena.  Thus, the Court limited the relevant time period for requested information responsive to these categories to September 2001 (when the parties entered into this contract of insurance) to the present. The Court finds this time restriction to be appropriate for Hill's responses as well.

to the negotiation, purchase, renewal of the policy), category 7 (relating copies of the policy in effect), and category 16 (insurance policies relating to Defendant or decedent) not to be overly broad or unduly burdensome.  These objections are **overruled**.

The same is somewhat true for the information requested in categories 9, 11, 12, 13, and 14 (documents or communications with the Wichita Fire Department, Plaintiff, decedent's family, Defendant, etc.).  The objections are **overruled in part** in regard to such information from September 2001 to the present.  Such information shall, however, be limited in subject matter to those documents or communications that specifically relate to decedent and/or his family in the context of the policy at issue.  The burden on Mr. Hill to provide information regarding claims made against the policy at issue that do not specifically involve decedent outweighs whatever limited relevance such other claims could arguably have to the present lawsuit.  The same is true for any communications Hill had, or documents he exchanged, with Defendant or Plaintiff that do not relate to decedent and/or relate to the applicability of the policy at issue to his claims.

### 3.      Information in Defendant's possession.

Plaintiff also raised the objection that certain requested categories of documents should be in Defendant's possession – categories 1 (all documents relating to the policy and amendments, riders, etc), 4 (claims against the policy), 5

(denial of claims made against the policy), 6 (payment of claims), 7 (copies of policy in effect), 9 (communications with the Wichita Fire Department), 10 (communications with Plaintiff), and 16 (insurance policies relating to Defendant or decedent). Even assuming Defendant does possess responsive documents, this does not mean Defendant has no valid interest in discovery another entity's files regarding the same types of information. The Court therefore **overrules** this objection as adopted by Mr. Hill.

**4.      Redundant categories**.

Plaintiff also argued that categories 13 and 14 (encompassing documents and communications with or relating to Plaintiff, the Wichita Fire Department, the policy, claims made against the policy, decedent and his family) are "basically . . . verbatim request[s] of the requests already addressed in the subpoena." (Doc. 155, at 10.) Again, certain portions of the documents requested in categories 13 and 14 appear to overlap with categories 4, 5, 6, 9, 10, and 11. As the Court previously noted, however, there are slight differences in the language used in categories 13 and 14 as compared to these others. As such, the Court **overrules** this objection. Because the documents are already being produced in response to the other categories of information requested, the respondent will be able to simply refer to such responsive information with the conditions set forth regarding categories 9, 11, 13, and 14, *supra*.

IT IS THEREFORE ORDERED that Defendant's Motion to Compel Compliance with Third-Party Subpoena to Patrick Hill (Doc. 175) is **GRANTED in part** and **DENIED in part** as more fully set forth herein.  Responsive documents shall be served on Defendant from Mr. Hill within **30 days** of the date of this Order.

**IT IS SO ORDERED.**

Dated this 10th day of September, 2012, at Wichita, Kansas.

 s/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE