# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WICHITA FIREMEN'S RELIEF ASSOCIATION, ) ) ) Plaintiff, ) ) v. ) ) KANSAS CITY LIFE INSURANCE COMPANY, ) ) ) ) Defendant. ) _____ ) | Case No. 11-1029-KGG |

## ORDER ON MOTION TO QUASH SUBPOENAS

Now before the Court is Defendant's Motion for Leave to Take 30(b)(6) Deposition. (Doc. 254). Having reviewed the submissions of the parties, the Court **GRANTS** Defendant's motion.

## FACTS

Plaintiff in the matter before the Court is Wichita Firemen's Relief Association, a public body organized under the Firefighters Relief Act, K.S.A. §40-1701, *et seq.*, to administer public funds and consisting of members of public fire departments. (See Doc. 1-1.) This case results from an alleged on-duty injury, a rupture of the chordae tendinae, sustained by Captain Urban Eck ("Captain Eck"

1

or "decedent"), an employee of the Wichita Fire Department, while fighting a local fire.

Plaintiff contends the injury necessitated heart surgery and that Captain Eck died as a result of surgical complications.  Plaintiff, which had a group policy of insurance issued by Defendant, brings its present claims seeking payment of an accidental death and dismemberment (AD&D) benefit which Plaintiff contends was a rider to the insurance policy issued by Defendant.  Plaintiff alleges that Defendant has "failed to support its claim that Captain Eck was diseased or ill before he ruptured the tissues of his heart on December 13, 2009," and, therefore, Defendant's refusal to pay the AD&D benefit is "without just cause and excuse."

In both its state court Petition and Amended Complaint, Plaintiff alleged that "this controversy is not governed by ERISA."  (Doc. 1-1, at 2; Doc. 69, at 2.)  However, Plaintiff has recently filed a "Motion for Protective Order and a Determination as a Matter of Law Pursuant to Fed.R.Civ.P. 56 that Plaintiff is Entitled to a *De Novo* Review of Defendant's Decision to Deny Coverage – on the Administrative Record – and Quashing and Staying Defendant's Discovery of Post-Administrative Appeal Matters" (hereinafter "summary judgment motion"). (Doc. 204.)  Plaintiff's motion acts as a partial Motion for Summary Judgment and it remains pending before this Court.  Defendant contends that in this motion, Plaintiff for the first time raised the argument "that the insurance contract between

WFRA and KCL should be interpreted to mean that this case is governed by ERISA." (Doc. 255, at 3.)

## DISCUSSION

**A.     Motion for Leave to Take 30(b)(6) Deposition (Doc. 255).**

In the matter presently before the Court, Defendant requests the opportunity to conduct an additional 30(b)(6) deposition of a corporate representative of Plaintiff.  Defendant was correct to seek leave from the Court to do so because "[t]he Rule 30(a)(2) limitation on re-deposing a deponent without leave of court applies to Rule 30(b)(6) party deponents." *Terry v. Unified Gov't of Wyandotte County*, No. 09-2094-EFM/KGG, 2011 WL 795816, at *3 (D. Kan. March 1, 2011).  Pursuant to Fed.R.Civ.P. 26(b)(2)(C),

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (I) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues

3

> at stake in the action, and the importance of the discovery in resolving the issues.

Defendant argues that the requested deposition is necessary because at the time the prior 30(b)(6) deposition occurred in June 2011, Plaintiff "had not [yet] asserted that the insurance contracts at issue incorporated or were otherwise governed by ERISA." (Doc. 255, at 2.) Defendant contends that this argument was raised for the first time in Plaintiff's motion for summary judgment, filed on August 21, 2012 (and "clarified" at a status hearing with the Court on August 30, 2012). (*Id.*, at 1-2.) Defendant also contends that at the time the prior 30(b)(6) deposition occurred, it "had no basis to collect ERISA-related evidence . . . and did not include any ERISA-specific topics" in that deposition notice." (*Id.*) As such, Defendant argues that the present deposition would not be unreasonably cumulative or duplicative. (*Id.*)

Plaintiff responds that the "Statement of ERISA rights" was "made a part of the contract" by Defendant and that Defendant was in possession of it at all times. (Doc. 271, at 4, 10.) Although the subject of ERISA had not been raised in the law suit previously, Plaintiff contends that is because Defendant made a "strategic decision not to bring the matter up." (*Id.*, at 10.)

Plaintiff also contends that the discovery is cumulative because Defendant is seeking "to discover information already in its possession." (*Id.*, at 8.) According to Plaintiff, "[t]here is no WFRA witness who has any additional information about

4

the ERISA rights granted WFRA by KCL, apart from that which has already been provided by KCL . . . ." (*Id*.)

Defendant replies that it wants to use the deposition to "confirm this lack of 'additional information' . . . by establishing that WFRA did not believe any ERISA rights were being conveyed at the time the insurance agreements were consummated . . . ." (Doc. 281, at 6.) According to Defendant, because "no WFRA witness has provided sworn testimony on these topics to date," the discovery cannot be considered cumulative or duplicative. (*Id*.) The Court agrees. Also, the Court finds that Defendant did not have "ample opportunity," or even the need, to conduct discovery regarding these issues based on the issues raised by Plaintiff's state court Petition and federal court Amended Complaint. As such, the Court also finds that the requested discovery is not unduly burdensome.

Plaintiff also argues that it has offered to allow Defendant to submit its questions by other method, such as interrogatory or written question. (Doc. 271, at 9.) This is inappropriate as it is Defendant's "prerogative to choose the method of discovery [it] prefers." ***Sellers v. Wesley Medical Center, L.L.C.***, No. 11-1340-JAR-KGG, 2012 WL 5362977, at *7 (D. Kan. Oct. 31, 2012).

Defendant's motion (Doc. 254) is therefore **GRANTED**. The deposition of Plaintiff's representative pursuant to 30(b)(6) shall occur at a time and place agreed upon by the parties within **45 days** of the date of this Order.

5

**B.      Defendant's "Motion Pursuant to Rule 56(d) to Deny or Continue Plaintiff's Summary Judgment Motion Pending Further Discovery" (Doc. 268).**

On a related matter, Defendant has also asked that Plaintiff's summary judgment motion (Doc. 204) be denied or continued "until KCL has had an opportunity to conduct an ERISA-related Rule 30(b)(6) deposition of WFRA." (Doc. 268, at 2.)  In support of the motion, Defendant merely incorporates the arguments and authorities it made in support of the motion addressed in section A, *supra*, as well as those made in response to Plaintiff's summary judgment motion. (*See*, *id*.)   Because the Court has granted Defendant's request to take an additional 30(b)(6) deposition, *supra*, the Court finds this additional request to be reasonable. Therefore, the Court also **GRANTS** Defendant's motion to the extent it seeks to continue Plaintiff's summary judgment motion.  The decision whether to grant or deny Plaintiff's underlying summary judgment motion will be addressed under separate order following Defendant's opportunity to conduct the relevant 30(b)(6) deposition.  Should Defendant glean information at this deposition that Defendant finds relevant to the determination of Plaintiff's underlying summary judgment motion, Defendant shall supplement, if necessary, its response to the summary judgment motion within **14 days** of the 30(b)(6) deposition.  Plaintiff shall have **14 days** thereafter to file any sur-reply it deems necessary.  Each party shall limit such additional briefing to no more than ten (10) pages.  If either party decides that

additional briefing will not be submitted, counsel for that party is to instruct the Court of the same by e-mail copied to opposing counsel as soon as possible.

IT IS THEREFORE ORDERED that Defendant's "Motion for Leave to Take 30(b)(6) Deposition" (Doc. 255) is **GRANTED**.

IT IS FURTHER ORDERED that Defendant's "Motion Pursuant to Rule 56(d) to Deny or Continue Plaintiff's Summary Judgment Motion Pending Further Discovery" (Doc. 268) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 29th day of November, 2012, at Wichita, Kansas.

                                    S/ KENNETH G. GALE
                                    HON. KENNETH G. GALE
                                    U.S. MAGISTRATE JUDGE