IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WICHITA FIREMEN'S RELIEF ASSOCIATION, ) ) ) Plaintiff, ) ) v. ) ) KANSAS CITY LIFE INSURANCE ) COMPANY, ) ) Defendant. ) _____ ) | Case No. 11-1029-KGG |

### ORDER ON MOTION TO COMPEL RESPONSES TO SECOND REQUEST FOR PRODUCTION

Now before the Court is Defendant's "Motion to Compel Responses to Second Request for Production" and accompanying memorandum. (Docs. 236, 237.) Since this motion was filed, the parties have resolved their differences regarding all but one of the discovery requests at issue – Defendant's Request for Production No. 63. Thus, Defendant filed its "Unopposed Motion to Withdraw Motion to Compel," which resolves the underlying discovery motion as to all but this lone Request for Production. (Doc. 313.) Defendant's unopposed Motion to Withdraw (Doc. 313) is **GRANTED**.

The factual background of this case has been summarized numerous times in the many Orders issued by this Court as a result of the continuing discovery

1

disputes between the parties.  As such, the facts will not be repeated herein, but are instead incorporated by reference.  (*See* Doc. 189, at 1-3.)

Defendant's Request for Production No. 63 seeks "[a]ll agreements, contracts, arrangements, and other documents relating to the payment of attorneys' fees, expert expenses, or costs of litigation for services rendered to WFRA."  (Doc. 238-1, sealed, at 24.)  Plaintiff objected that the request "seeks information that is protected by attorney/client privilege and seeks information that is irrelevant and is not likely to lead to the discovery of admissible information."  (*Id*.)  Plaintiff also produced four pages of documents.  (*Id*.)

Defendant argues that the information is relevant because Plaintiff has asserted a claim for attorney's fees pursuant to K.S.A. § 40-256.  (Doc. 237, at 19.)  Defendant contends that it is "entitled to defend against this claim by challenging the propriety, the reasonableness, and the amount of any attorney's fees [Plaintiff] seeks to recover."  (*Id*.)  Defendant acknowledges that Plaintiff "can recover such fees only if it obtains a favorable judgment," but argues it has no choice but to seek the information because the Scheduling Order contains no language regarding "post-judgment discovery."  (*Id*., at 20.)

In response to the motion, Plaintiff merely argues that it is "premature" to provide this information.  (Doc. 273, at 20.)  Plaintiff states that "if/when the Court finds that [Defendant] failed to pay the . . . claim without just cause and excuse,

2

then [Defendant would be able to review the attorney's fees for the services and make any argument that it deemed appropriate as to the *reasonableness* of the amount of fees that will be sought." (*Id.*, at 21 (emphasis in original).)[1]

Defendant also argues that Plaintiff failed to object on the basis of D. Kan. Rule 54.2(f), which states that "discovery may not be conducted with motions for awards of attorney's fees unless the court permits upon motion and for good cause." Plaintiff responds that it did not waive such an objection because the rule, "by its plain language, only applies when a motion for attorneys' fees has been filed pursuant to Fed.R.Civ.P. 54(d)(2). The Court agrees with Plaintiff as the language of the rule is unambiguous.

The principal of D.Kan. Rule 54.2 is that motions for attorney's fees should not usually require discovery, thus discovery is permitted only for good cause after a motion has been made for fees, and after the consultation requirements of the rule have been satisfied. The request here is premature. If a motion for attorneys' fees is ultimately made in this case, and if the parties are unable to reach an agreement by consultation as required by the rule, Defendant may move to conduct discovery upon a showing of good cause. The discovery, at this point, is simply not yet relevant. This remaining portion of Defendant's motion is, therefore, **DENIED**.

---

[1] In response to Defendant's motion, Plaintiff did not address its assertion of attorney-client privilege. As such, this objection is waived.

IT IS THEREFORE ORDERED that Defendant's Motion to Compel (Doc. 236) is **DENIED**.

IT IS FURTHER ORDERED that Defendant's"Unopposed Motion to Withdraw Motion to Compel" (Doc. 313) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 28th day of December, 2012, at Wichita, Kansas.

                                         S/ KENNETH G. GALE
                                         HON. KENNETH G. GALE
                                         U.S. MAGISTRATE JUDGE