## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

WICHITA FIREMEN'S RELIEF )
ASSOCIATION, )
 )
       Plaintiff, )
 )
v. ) Case No. 11-1029-KGG
 )
KANSAS CITY LIFE INSURANCE )
COMPANY, )
 )
       Defendant. )
_____ )

## **POST-REMAND MEMORANDUM & ORDER**

The Court issues this Memorandum & Order following remand from the Tenth Circuit Court of Appeals (Doc. 414). The Circuit Court reversed this Court's order granting summary judgment to the Defendant and remanded the matter for trial. This action requires the re-examination of issues raised by the parties in their previous motions for summary judgment and other motions which were not addressed by this Court because of the previous ruling. The purpose of this Order is to clarify the status of various issues – and address those that remain – after remand.

Several motions were denied as moot as a result of the Court's grant of summary judgment to Defendant (Doc. 401), including Plaintiff's request to make

an addition to the "administrative record" (Doc. 216).[1]  Other motions were denied as a matter of law because of the grant of summary judgment for Defendant.  (*See* Doc. 401, at 35, referencing Doc. 204 (Plaintiff's "Motion for Protective Order and a Determination as a Matter of Law . . .) and Doc. 342 (Plaintiff's Motion for Summary Judgment).)  The Court therefore did not address the merits of these motions.  As such, the Court will herein discuss issues contained in the following motions of the parties:

1.  Plaintiff's "Motion for Protective Order and a Determination as a Matter of Law Pursuant to Fed.R.Civ.P. 56 that Plaintiff is Entitled to a *De Novo* Review of Defendant's Decision to Deny Coverage – on the Administrative Record – and Quashing and Staying Defendant's Discovery of Post-Administrative Appeal Matters" (Doc. 204);

2.  Plaintiff's "First Motion for an Addition to the Administrative Record" (Doc. 216);

3.  Defendant's Motion for Summary Judgment (Doc. 341) and supporting Memorandum (Doc. 349); and

4.  Plaintiff's Motion for Summary Judgment (Doc. 342) and supporting Memorandum (Doc. 347).

For the reasons following, each of these motions is **DENIED**.

---

[1] Defendant's "Motion in Limine to Exclude Evidence Relating to Settlement Negotiations" (Doc. 318), and Plaintiff's "Motion to Exclude Dr. Arnold Meshkov's Testimony and Report from Evidence" (Doc. 368) were also denied as moot in the summary judgment Order.  (*See* Doc. 401, at 35.)  These motions will be addressed by the Court under separate order(s), if needed.

## BACKGROUND

Plaintiff's claim is for payment of an Accidental Death and Dismemberment insurance benefit arising out of the death of Wichita firefighter Captain Urban Eck. Defendant denied the claim for AD&D benefits relating to Decedent on February 26, 2010. Accidental injury is the primary coverage predicate of the policy at issue. The denial letter, from Senior Claims Examiner Kelly Wenninghoff, stated that Decedent's "death was not caused directly and independently of all causes from accidental injury as the insured's underlying heart condition, as well as circumstances surrounding the surgery, contributed to his death and therefore, the applicable exclusions of the policy apply." (Doc. 347-17, sealed, at 2.) The letter continues that "benefits are payable if the loss results directly and independently of all other causes from accidental bodily injuries." (*Id*.) The letter then includes reference to exclusion (5), "bodily or mental illness or disease of any kind or medical or surgical treatment of the illness or disease." (*Id*.)

On April 26, 2010, Plaintiff appealed Defendant's denial of benefits under the AD&D Rider. On June 10, 2010, the appeal was denied by letter from Matthew O'Connor, Defendant's Assistant General Counsel for Investments, on the same grounds as the initial request – that the benefit was precluded by policy exclusions which applied to pre-existing medical conditions and medical

negligence – while again referencing exclusion (5). (Doc. 347-17, sealed, at 3-4.) The written denial of Plaintiff's appeal also states that Decedent's "death did not result directly and independently from accidental bodily injury." (Id., at 3.)

The case returns to this Court following remand from the Tenth Circuit after Plaintiff's appeal of this Court's grant of summary judgment for Defendant on the issue of coverage. (*See* Docs. 401, 414.) In granting summary judgment, this Court held there was no "accident," and thus no coverage. (*See* Doc. 401.) According to the Tenth Circuit's mandate, summary judgment was improper because "on this record, genuine issues of material fact exist as to whether the rupture of chordal structures within Mr. Eck's heart, brought upon by extreme exertion in fighting a fire, constituted 'accidental bodily injury.'" (Doc. 414, at 11.)

The more specific background of this case has been summarized numerous times, most recently in the Order and Judgment issued by the Tenth Circuit. (Doc. 414, at 2-6.) Rather than restate the case background yet again, the Court will instead incorporate by reference the Tenth Circuit's factual summary. (*Id*.)

Following remand from the Tenth Circuit, this Court ordered counsel for the parties to participate in a telephone conference to discuss the status of the case. (Doc. 415, text entry.) As a result of the teleconference, the Court filed its "First

Supplement to the Pretrial Order" (Doc. 417), setting a procedure and providing instructions for the parties to file memoranda of law supplementing their prior briefing both in support of and in opposition to the prior motions for summary judgment. (*Id.*) The parties were told that the memorandum may address

> (1) the effect of the appellate ruling on issues raised in the prior motions and rulings made thereon, including which summary judgment issues are proper for the court's reconsideration in light of the appellate court proceeding; and (2) any new law on summary judgment issues previously raised and/or ruled upon which has issued since the previous summary judgment ruling (and whether such new law should be considered).

(*Id.*, at 1-2.)

Plaintiff submitted its "Memorandum Regarding 'Law of the Case'" (Doc. 419) and Defendant submitted its "Post-Appeal Supplemental Summary Judgment Memorandum" (Doc. 430). Having reviewed these memoranda, in addition to the correlating response and reply briefs, as well as the underlying motions, the Court's analysis turns to the issues contained in the motions enumerated above.

**A.   Plaintiff's "Motion for Protective Order and a Determination as a Matter of Law . . ." (Doc. 204).**

Plaintiff brought this motion seeking

> summary judgment on the issues of the scope of review and the limitations on the record to be reviewed, based on the procedural law of ERISA, 29 U.S.C. §1132, and Fed. R. Civ. P. 56. It also seeks a protective order barring all

>further discovery that is not specifically ordered by the
>Court, consistent with ERISA discovery restrictions, and
>an Order limiting the discovery that can be used to
>supplement the administrative record to the depositions
>of KCL employees and agents, along with the documents
>produced by KCL from its files.

(Doc. 214, at 1.)  In its Order granting summary judgment for Defendant, this Court held that "[t]here is no rationale for importing broad principals of ERISA into a insurance policy that lacks the plan structure requiring those rules, and Plaintiff has provided no legal authority requiring such."  (Doc. 401, at 35.)

Plaintiff has presented the Court with no new evidence or argument upon which the Court would choose to overturn it's prior ruling on ERISA issues.  The Court hereby incorporates by reference the entirety of its analysis of the ERISA issues from the prior dispositive motion Order.  (*See* Doc. 401, at 24-35.)  Plaintiff's motion (Doc. 204) is **DENIED**.

**B.  Plaintiff's "First Motion for an Addition to the Administrative Record" (Doc. 216).**

In this motion, Plaintiff requests an Order from the Court adding a particular document to the ERISA administrative record.  (*See* Doc. 217, 217-1.)  Again, ERISA does not apply to, and will not be imported into, the insurance contract at issue.  *See supra*.  As such, there is no reason for the Court to allow an addition to

6

the ERISA "administrative record."[2] Plaintiff's motion (Doc. 216) is **DENIED**.

**C.     Defendant is Not Prohibited from Urging as a Defense the Failure of the Primary Coverage Provision.**

This ruling from the Court's original opinion (Doc. 401, pages 21-35) stands unmolested by the Circuit Court ruling and nothing in the parties' supplemental memoranda sways the Court to change course. Thus, this portion of the Court's previous ruling is incorporated herein. The corresponding portion of Plaintiff's Motion for Summary Judgment arguing that Defendant should be precluded from relying on any basis for denial other than the disease exclusion (Doc. 347, sealed, Section II, at 37-44) is **DENIED**.

**D.     The Cross-Motions for Summary Judgment on the Application of the Primary Coverage Provision – Whether Death Resulted from an "Accident" or an "Accidental Bodily Injury" (Defendant's Motion Doc. 341 with supporting memorandum Doc. 349, sealed; Plaintiff's Motion Doc. 342 with supporting memorandum Doc. 347, sealed, at Sections III and IV).**

Defendant's Motion for Summary Judgment posed two issues. The first of these issues was "[w]hether an 'accident' or 'accidental bodily injury' could not and did not occur within the meaning of an accidental death and dismemberment insurance policy where the decedent allegedly injured his heart while performing

---

[2] This ruling is without prejudice to the Plaintiff offering the subject evidence at trial or on a motion for fees (K.S.A. 40-256).

his normal duties as a firefighter." (Doc. 349, sealed, at 50.) It is on this issue that the Tenth Circuit Court of Appeals reversed and remanded this Court's grant of summary judgment for Defendant, finding that "genuine issues of material fact exists as to whether the rupture of chordal structures within [Decedent's] heart, brought upon by extreme exertion in fighting a fire, constituted 'accidental bodily injury.'" (*See* Doc. 414, at 11.) The Circuit Court ruling that the coverage issue turns on an issue of fact disposes of both parties motions for summary judgment on this issue. This issue will, therefore, be decided at trial.

An additional argument made by Plaintiff in prior briefing in support of its motion for summary judgment and in opposition to Defendant's, was that evidence of the incident during surgery in which the decedent's artery was "kinked" constituted an independent "accident" under the policy and provided a separate basis for coverage. The Court maintains its prior ruling that this contention, which was not made by the Plaintiff in the Pretrial Order, is unavailable to the Plaintiff. (*See* Doc. 401, n.3.) Of course, this does not prevent Plaintiff from taking the position that the "medical or surgical treatment" exclusion does not apply if the surgery was to treat an injury from a covered accident. Both parties' motions for summary judgment on the primary coverage issue are **DENIED**.

**E.    Plaintiff's "Bad Faith" Claim – Addressed in Defendant's Motion for Summary Judgment (Doc. 341, Sealed; Doc. 349, sealed, Section II) and**

**Plaintiff's Motion for Summary Judgment (Doc. 342, sealed; Doc. 347, sealed, Section VI).**

The second issue raised by Defendant on motion for summary judgment was

> [w]hether a denial of accidental death and dismemberment coverage is neither frivolous nor without any reasonable foundation for purposes of K.S.A. § 40-256 where there are bona fide disputes concerning the existence of an 'accident' or an 'accidental bodily injury,' the nature and extent of the decedent's pre-existing illness or disease, and the applicability and effect of statutes and regulations concerning firefighter relief associations.

(Doc. 349, sealed, at 50.)

Plaintiff's Motion for Summary Judgment also touched on the issue of bad faith, although Plaintiff reserved the right to brief the issue separately. (Doc. 347, sealed, at 64.) Plaintiff contends that "because incompetence in the claims handling process was intrinsically interwoven with the resulting breach of contract, and because there is really no dispute of fact relating to [Defendant's] bad acts, summary judgment under K.S.A. § 40-256 is warranted." (*Id*.)

The statute in question states in relevant part

> [t]hat in all actions hereafter commenced, in which judgment is rendered against any insurance company as defined in K.S.A. 40-201, . . . if it appear from the evidence that such company . . . has refused without just cause or excuse to pay the full amount of such loss, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action, including proceeding upon appeal, to be

> recovered and collected as a part of the costs . . . .

K.S.A. § 40-256. "When the district court has authority to award attorney fees, '[an appellate court] review[s] the district court's decision regarding attorneys fees under an abuse of discretion standard. The issue is to be determined by the district court based on the facts and circumstances of each case.'" *Foster v. Stonebridge Life Ins. Co.*, 327 P.3d 1014, 1031-32, 50 Kan. App.2d 1 (2012) (citing *Tyler v. Employers Mut. Cas. Co.*, 274 Kan. 227, 242, 49 P.3d 511 (2002) (internal citations omitted)). *See also* *Johnson v. Westhoff Sand Co*. 31 Kan.App.2d 259, 274, 62 P.3d 685, *rev. denied* 275 Kan. 964 (2003) (holding that "[w]hether an insurance company's refusal to pay is without just cause or excuse is determined on the facts and circumstances in each case.").

> [The Kansas] Supreme Court has found that if there is a bona fide and reasonable factual ground for contesting an insured's claim, there is no failure to pay without just cause or excuse. *Koch, Administratrix v. Prudential Ins. Co.*, 205 Kan. 561, 565–66, 470 P.2d 756 (1970); *see Johnson*, 31 Kan.App.2d at 274, 62 P.3d 685.
>
> Kansas courts have also recognized, however, that an insurer has a duty to make a good-faith investigation of the facts surrounding the claim. *See Watson v. Jones*, 227 Kan. 862, 871, 610 P.2d 619 (1980); *Brown v. Combined Ins. Co. of America*, 226 Kan. 223, 227, 597 P.2d 1080 (1979); *Johnson*, 31 Kan.App.2d at 274, 62 P.3d 685. '[T]he circumstances are to be judged as they would appear to a reasonably prudent man having a duty to investigate in good faith and to determine the true facts

> of the controversy.' *Watson*, 227 Kan. at 871, 610 P.2d
> 619; *see Evans v. Provident Life & Accident Ins. Co.*,
> 249 Kan. 248, 261–62, 815 P.2d 550 (1991).

*Foster*, 327 P.3d at 1032.  *See also **Glickman, Inc. v. Home Ins. Co.***, 86 F.3d 997, 1002 (10th Cir. 1996).

In its post-remand briefing, Defendant argues that the Court should grant its motion for summary judgment on Plaintiff's attorney fees claim because "[t]he record easily demonstrates that there were bona fide disputes of law or fact at the time [Defendant] denied AD&D coverage . . . ." (Doc. 430, at 6.)  According to Defendant, Plaintiff "cannot establish a lack of 'just cause or excuse'" for Defendant's denial of Plaintiff's claim.  (*Id*., at 10-11.)  Defendant also cites ***Wiles v. American Fam. Life Assur. Co.***, which was decided after Defendant filed the underlying motion for summary judgment, for the proposition that "the existence of a non-frivolous factual or legal dispute . . . establishes 'just cause or excuse'" rather than the extent of an insurer's investigation.  (*See* Doc. 430, at 11, *citing* 350 P.3d 1071, 1081, 302 Kan. 66, 82 (Kan. 2015) (emphasis in original).)  The existence, or lack, of "just cause" is measured in the context of "the circumstances facing the insurer *at the time* the claim is denied . . . ." ***Wiles***, 350 P.3d at 1081.  Thus, Plaintiff is correct that, "[a]s a matter of Kansas law, only the circumstances confronting the insurer when the payment of loss is denied may be looked at in

11

determining whether the insurance company acted in bad faith and must pay attorneys' fees pursuant to K.S.A. § 40-256." (Doc. 419, at 8.)

Defendant argues that summary judgment should be granted on Plaintiff's bad faith claim because Plaintiff cannot establish a lack of "just cause or excuse" within the meaning of K.S.A. 40-256. Even though court usually considers this sanction after trial (*see e.g.* **Brown v. Continental Casualty Co.**, 209 Kan. 632 (1972)), it can be an appropriate subject for summary judgment (*see e.g.* **Glickman, Inc. V. Home Insurance Company**, 887 F.Supp. 259 (D. Kan 1995)). Alternatively, the court may defer the issue in order to consider the evidence more fully after a verdict on primary coverage. *See e.g.* **Peoples Mortg. Corp. v. Kansas Bankers Surety Trust Co.**, 176 F.Supp.2d 1199, 1207 (D. Kan. 2001) (reserving judgment on the issue of ordering the payment of attorneys fees under K.S.A. §40-246 until after the court heard evidence regarding the potential bad faith of the insurer).

If reviewed under Rule 56, such a motion requires that the Court view the evidence in the light most favorable to the non-movant. Even though the Court will eventually resolve factual disputes in deciding whether the award is appropriate, material contested issues of fact may not be resolved in the present motion. The question of bad faith is a question of fact for the Court. **Brown v.**

***Combined Insurance Company of America***, 226 Kan. 223 (1979). Also, in this case, the Court must assume for the purpose of this motion that the jury issue at trial - whether the policy provides coverage under the facts of the case - will be resolved in Plaintiff's favor.

Defendant urges focus on the legal dispute concerning the primary coverage issue now before this Court in support of its motion. This approach somewhat confuses the issue. The Court had held that because ERISA does not apply, the parties are not limited at trial to the insurance company's "record" of the original claim in litigating the coverage issue. The same, however, is not strictly true for the bad faith issue, which must be evaluated on the information available to and considered by the insurance company at the time of the denial. The record presented on summary judgment does not clearly present the factual issues confronting the insurer at the time of the denial. Some facts, such as the conclusion of litigation experts whose opinions were not available to the insurance company at the time, might not be properly considered on this issue.

The reasons for the original denial of coverage, and the facts considered by the insurer at the time of the decision, are among disputed facts which cannot be reliably resolved on summary judgment based on the current record. The Court agrees with Plaintiff that resolution of this issue now would be premature. The

Court will consider this issue on the merits, if necessary, after trial. The Court may consider additional evidence and argument at that time. The portions of the parties' cross Motions for Summary Judgment regarding the issues of bad faith and attorneys fees (Plaintiff's motion Doc. 342 with supporting memorandum Doc. 347, sealed, Section VI, and Defendant's motion Doc. 341 with supporting memorandum Doc. 349, sealed, Section II) are, therefore, **DENIED**.

**F.     The Applicability of the Kansas Firefighter's Relief Act (Plaintiff's Motion for Summary Judgment, Doc. 342, with supporting memorandum Doc. 347, sealed, Section V).**

Plaintiff argues that the disease exclusion contained in the policy at issue is "void and unenforceable" because it conflicts with a Kansas statute. (Doc. 347, at 61.)

> [t]he Kansas Firefighter's Relief Act (KanFRA) at K.S.A. § 40-1701 *et seq*., provides that monies received by a firefighters relief association under the provisions of The Act shall be used for the purchase of insurance which would provide for any or all of the purposes for which such fund is authorized to be expended, including insurance 'for the payment of a death benefit when any member of such fire department is killed in the discharge of such member's duties as a firefighter, or who dies from the effect of injuries so received or from disease contracted by reason of such member's duties as a firefighter.' [K.S.A. § 40-1707(a)(5); K.S.A. § 40-1707(a)(2)]. The Act is implemented by a Kansas Insurance Department regulation, K.A.R. § 40-10-5, which provides that 'any insurance for coverage while on duty which is paid for in whole or in part by a

> firefighter's relief association. . . shall meet the following
> conditions: . . . the policy shall be limited to cover only
> accidental injuries, diseases, or death resulting from
> duties as a member of the fire department as set forth in
> K.S.A. § 40-1707.' [*Id*. (emphasis added].

(Doc. 347, at 62.)

Defendant argues that Plaintiff's "attempt to invoke the KFRA cannot be reconciled with the plain language of the statute." (Doc. 364, sealed, at 118.) Defendant continues that

> [t]he Act limits the definition of 'insurance companies' to
> entities 'transacting business of fire insurance in this
> state.' (K.S.A. § 40-1701(b), emphasis added, cited in
> DSOF 154.) [Defendant] does not sell fire or lightning
> insurance (DSOF 158), and thus is subject to none of the
> requirements imposed on these 'insurance companies.'
> (K.S.A. §§ 40-1702(a), 40-1703, and 40-1704, cited in
> DSOF 155-57.)

(*Id*.) According to Plaintiff, it is improper for Defendant to argue that it is "not a company transacting the business of 'fire insurance' in this state, as defined by K.S.A. § 40-1701." (Doc. 347, at 62.) Plaintiff continues that because Defendant

> is required to comply with The Act and its implementing
> regulations, it is prohibited from writing a policy that
> does not cover the accidental death of a firefighter who
> dies from the effect of injuries or diseases contracted by
> reason of the firefighter's duties as a firefighter. KCL's
> inexperience writing policies for Firefighter's Relief
> Associations does not excuse its failure to follow the law.
> [Facts nos. 116-118].  Dr. Lee's testimony again provides
> the necessary evidence of causation in this case.

> Exclusion 5, the disease exclusion, as interpreted by the two denial letters, impermissibly narrows the scope of coverage. Because it does so, the exclusion is void ab initio, being against public policy.

(*Id*., at 63.)

The Court is not persuaded by Plaintiff's position.  Defendant is clearly not the type of entity that is covered by the specific, unambiguous language of the statute in question.  The KFRA does not apply to Defendant and the policy of insurance at issue.  As such, the portion of Plaintiff's Motion for Summary Judgment relating to the applicability of the KFRA (Doc. 347, sealed, at 61-64) is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion for Protective Order and a Determination as a Matter of Law Pursuant to Fed.R.Civ.P. 56 that Plaintiff is Entitled to a *De Novo* Review of Defendant's Decision to Deny Coverage – on the Administrative Record – and Quashing and Staying Defendant's Discovery of Post-Administrative Appeal Matters" (Doc. 204) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "First Motion for an Addition to the Administrative Record" (Doc. 216) is **DENIED**.

**IT IS FURTHER ORDERED** that the remaining portion of Defendant's Motion for Summary Judgment (Doc. 341 with supporting memorandum Doc. 349,

sealed, Section II) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 342 with supporting memorandum Doc. 347, sealed) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 7th day of March, 2016.

                                          S/ KENNETH G. GALE
                                        KENNETH G. GALE
                                        United States Magistrate Judge