# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

WICHITA FIREMEN'S RELIEF )
ASSOCIATION, )
 )
      Plaintiff, )
 )
v. ) Case No. 11-1029-KGG
 )
KANSAS CITY LIFE INSURANCE )
COMPANY, )
 )
      Defendant. )
_____ )

## SUPPLEMENT TO THE PRETRIAL ORDER AND
## ORDER DENYING DEFENDANT'S MOTION TO BIFURCATE

  This case approaches trial upon remand from the Circuit Court.  The Pretrial Order states that "whether or not trial will be by jury or to the Court has not been determined."  (Doc. 331, ¶16(b).)  The Court entered a Trial Order (Doc. 436) requiring the parties address this issue.

  In response to this Order, Plaintiff filed a Memorandum of Law Regarding Jury Trial (Doc. 439).  Defendant filed a Motion to Sever Claim for Attorney's Fees and Bifurcate the Proceedings (Doc. 437).  Each party has filed a Response (Docs. 441, 442).  The Court has reviewed these submissions.

  There are two claims remaining in this case.  The primary claim is the breach of contract claim.  The primary issue in that claim is whether there is coverage

from the accidental death benefit of the insurance policy at issue under the facts of this case. The parties agree that this claim is to be tried to a jury, and the Court concurs.

The second claim is brought under K.S.A. § 40-256 for failure to pay the insurance claim without just cause and excuse. The parties are equally in agreement that under Kansas law this claim is decided by the Court. Therefore, the Court will decide this claim after the trial if the coverage question is decided in Plaintiff's favor. The Court will not ask the jury for an advisory opinion on this issue. The Court will provide the parties the opportunity to present additional evidence on this issue after the jury trial.

Technically, the Court does not view this as an order for separate trial (a "bifurcation") under Rule 42 because there is nothing to bifurcate. The Defense motion in that regard is, therefore, **DENIED**. This ruling, however, has essentially the same effect.

The submissions by the parties reflect concern regarding the evidence relevant to the bad faith claim that might be offered or admitted at the jury trial. This Order does not address those issues, which are reserved for appropriate *in limine* or trial rulings. The Court notes that while evidence relevant only to the bad faith claim will not be admitted at trial, there will no doubt be some overlap with evidence on the primary claim.

IT IS SO ORDERED.

**DATED** at Wichita, Kansas this 29th day of March, 2016.

S/   KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge
