IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| WICHITA FIREMAN'S RELIEF ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 11-1029-KGG |
| KANSAS CITY LIFE INSURANCE CO., | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

Before the Court are the "Rule 59(e) Motion to Alter or Amend Judgment" (Doc. 551) filed by Defendant as well as the competing Bill of Costs filed by both parties (Docs. 552, 554). Having reviewed the submissions of the parties, the Court **GRANTS** Defendant's Motion to Alter or Amend Judgment and **ORDERS** the Clerk to enter Defendant's Bill of Costs, minus the revision discussed below.

**BACKGROUND**

Plaintiff's claim in the underlying lawsuit is for payment of an Accidental Death and Dismemberment insurance benefit arising out of the death of Wichita firefighter Captain Urban Eck. Given its lengthy and contentious history, the factual background of this case has been summarized numerous times. Those

1

summaries are incorporated herein by reference. (*See e.g.*, Doc. 140, at 1-2, Doc. 189, at 1-3, Doc. 311, at 1-3, Doc. 401, at 3-11, Doc. 440, at 3-5; Doc. 544, at 3-11.) The following are the facts relevant to the matter before the Court.

Plaintiff filed the present action on December 17, 2010, in Sedgwick County, Kansas, District Court. (Doc. 1-1, at 1.) It was removed to Federal Court by Defendant in January 2011. (Doc. 1.)

Pursuant to Fed.R.Civ.P. 68, Defendant served Plaintiff with an Offer of Judgment on September 22, 2011. (Doc. 90; Doc. 558-1, at 3-4.) The offer was for a principal amount of $101,000, including Plaintiff's request for attorneys' fees, as well as prejudgment interests and costs then accrued (not to include attorneys' fees). (Doc. 558-1, at 3.)

Plaintiff rejected the offer and instead filed its "Motion to Clarify Offer of Judgment and to Strike." (Doc. 93.) Plaintiff argued that the offer was "defective, creating an ambiguity" and was not made in good faith. (*Id*.) The Court denied Plaintiff's motion, finding the Offer to be appropriate pursuant to Fed.R.Civ.P. 68. (*See* Doc. 128, at 11-15.)

The case proceeded and the undersigned Magistrate Judge granted Defendant's Motion for Summary Judgment in February 2014, dismissing Plaintiff's claims for breach of contract and attorney's fees claims (Doc. 401) and

entering judgment in favor of Defendant (Doc. 402). Plaintiff appealed this ruling to the Tenth Circuit Court of Appeals (Doc. 403, 405), which reversed and remanded in May, 2015. (Doc. 414.)

Plaintiff submitted a bill of costs to the Tenth Circuit pursuant to Fed.R.App.Proc. 39(a)(3), which provides that appellate costs are taxed against the appellee when the judgment of the District Court is reversed. Although Defendant opposed the bill of costs and requested that the Tenth Circuit wait until the conclusion of the District Court proceedings, the Tenth Circuit declined to do so. Defendant was taxed $4,366 in appellate costs (Doc. 416), which Defendant paid.

Proceedings resumed in this Court in June 2015, with the case ultimately going to trial in May 2016. The jury eventually returned a verdict in favor of Plaintiff in the amount of $100,000. (Doc. 491.) The issue of attorneys fees was subsequently brought for a bench trial, with the undersigned Magistrate Judge denying Plaintiff's request for attorneys' fees. (*See* Doc. 544.) The final judgment was entered on February 21, 2017, awarding Plaintiff $100,000 plus prejudgment interest, the costs of this action, and post-judgment interest. (Doc. 545.)

## DISCUSSION

Fed.R.Civ.P. 59(e) allows a party to file a motion to alter or amend a judgment within 28 days after the entry of judgment for one of the following

grounds: (1) an intervening change in law; (2) new evidence that was previously unavailable; and (3) the need to correct clear error or prevent manifest injustice. *See* ***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (listing Rule 59(e) factors). Defendant brings its present "Rule 59(e) Motion to Alter or Amend Judgment" pursuant to the final of the listed grounds, arguing that Plaintiff

> is not entitled to such costs after September 22, 2011[,] due to [Defendant's] offer of judgment. [Defendant] therefore respectfully requests that the Final Judgment be altered or amended to award WFRA only its pre-offer costs (other than attorney's fees), and to award [Defendant] its post-offer costs.

(Doc. 551, at 1.)

Fed.R.Civ.P. 68 sets out the procedure for making an offer of judgment as follows:

(a) **Making an Offer; Judgment on an Accepted Offer**. At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.
(b) **Unaccepted Offer**. An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.

(c) **Offer After Liability is Determined**. When one party's liability to another has been determined but the extent of liability remains to be determined by further proceedings, the party held liable may make an offer of judgment. It must be served within a reasonable time – but at least 14 days – before the date set for a hearing to determine the extent of liability.

(d) **Paying Costs After an Unaccepted Offer**. *If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made*.

(Emphasis added.)

Defendant served its Offer of Judgment on September 22, 2011. (Doc. 90.)

As discussed above, the offer was phrased in pertinent part:

(1) The principal amount of $101,000, such amount to include WFRA's request for attorneys' fees; plus
(2) Prejudgment interest upon the amount set forth in Paragraph (1), pursuant to K.S.A. § 16-201, from January 25, 2010 through October 10, 2011, such interest being in the amount of $17,266.85; plus
(3) WFRA's costs now accrued, not to include attorneys' fees.

Acceptance of the offer set forth above shall act as a complete release of any and all claims WFRA may have or has asserted against KCL.

(Doc. 94, at 1.) As to the present motion, Defendant argues

the judgment finally obtained by Plaintiff ($100,000, interest, and costs other than fees) was not more favorable than the Offer ($101,000, interest, and costs other than fees). (Doc. 551, at 2; *see also*, Ex. 1, ¶ 2 & Ex. A; Dkt. #545.) WFRA must therefore bear its own

post-Offer costs, and must pay KCL's post-Offer costs.

(Doc. 551, at 2.)

In the memorandum in support of its Bill of Costs, Plaintiff seeks its costs and argues that Defendant's Offer is inapplicable because Defendant was the prevailing party on Plaintiff's claim for attorneys' fees pursuant to K.S.A. §40-256. (Doc. 555, at 10.) According to Plaintiff, "[a]n offer of judgment ***has no application*** when the defendant prevails." (*Id.*, at 10-11 (emphasis in original).) Plaintiff contends that offer is inapplicable because Defendant "was the prevailing party on [Plaintiff's] attorneys' fees claim, and because [Plaintiff's] judgment on the contract claim was not less favorable than the insurance company's policy limits offer." (*Id.*, at 11.) Plaintiff continues,

> On the breach of contract claim, WFRA recovered policy limits. It was not possible in 2011 nor is it possible in 2017 for WFRA to recover more than the "principal amount" of coverage; and in 2011, WFRA accepted the policy limits offer contingent upon being able to litigate its claim for attorneys' fees pursuant to K.S.A. 40-256. [Doc. 94, p. 11]. WFRA responded to the offer of judgment five years ago by saying that it accepted the insurance company's offer 'if the issue of costs pursuant to K.S.A. 40-256 is to be determined at a hearing, or through briefing, following the acceptance of the Offer of Judgment. It seems obvious that this is where this case should be, on the merits.' [Doc. 94, p. 11].
> If KCL's offer was intended to include attorneys' fees as costs, it was not made clear in the offer of judgment. But more to the point now – in 2017 –

> defendant eventually prevailed on WFRA's claim for
> attorneys' fees, and therefore KCL's Rule 68 motion
> simply has no legal effect.

(*Id.*)

Defendant responds that Plaintiff's argument is flawed because Fed.R.Civ.P. 68 is inapplicable in cases in which Defendant prevails entirely and Plaintiff recovers nothing. (Doc. 558, at 3.) As Defendant points out, it did not prevail entirely because Plaintiff obtained a judgment of $100,000. The Court agrees that Rule 68 is applicable.

Plaintiff contends that its judgment was more favorable than the Offer "[a]s a consequence of [Defendant] including the condition of a complete release of any and all claims in the offer of judgment – over plaintiff's objection . . . ." (Doc. 555, at 14.) According to Plaintiff, "[n]o general release has been or will be executed, and KCL will never be given a complete and full release. Judgment against KCL did not give it a complete release from any and all claims WFRA might bring now or in the future (known or unknown) nor does it permit KCL to deny liability." (*Id.*)

Plaintiff is unnecessarily complicating the issue. The simple fact is that Defendant submitted an Offer of Judgment for $101,000, which Plaintiff declined, and Plaintiff ultimately received a jury verdict and judgment of $100,000.

Plaintiff's judgment was *per se* not "more favorable" than Defendant's Offer. As stated by Defendant, "[t]he Judgment is monetarily less favorable than the Offer, and nothing about the preclusive effect of the Offer or Judgment changes this analysis." (Doc. 558, at 5.) Defendant continues that the issue of a release is irrelevant because judgment in this case "preclude[s] [Plaintiff] from *any* future litigation arising out of the same 'series of factual transactions' that led to this litigation regardless of legal theory." (*Id.*, at 4 (emphasis in original).) The Court agrees.

Plaintiff's memorandum next "renews" and rehashes many of the objections it initially made to Defendant's Offer – that the Offer was ambiguous, incomplete, defective, frivolous, and that it contains impermissible conditions – and critiques the Court's prior Order (Doc. 128) on Plaintiff's motion to strike the Offer.[1] (Compare Doc. 94, at 6-11 to Doc. 555, at 13-23.) The Court has already overruled these objections (Doc. Doc. 128, at 11-15) and the time to revisit them or request their reconsideration has long since passed. The Court sees no reason to revisit these arguments herein but rather incorporates, by reference, its prior ruling.

---

[1] Plaintiff also contends that it "conditionally accepted" the Offer. The Court is not persuaded by this argument, which borders on the nonsensical. The fact remains that the Offer was not accepted, thus the litigation continued for more than five years after the offer was made.

(*Id.*)

Finally, Plaintiff argues that Defendant waived its right to invoke the Offer of Judgment when it previously paid costs to Plaintiff of approximately $4,300 as assessed by the Tenth Circuit following Plaintiff's appeal. (Doc. 555, at 23.) Plaintiff argues that "[b]ecause it failed to raise the defense of the insurance company's Rule 68 offer with the Tenth Circuit, and because it voluntarily paid WFRA's costs on appeal, KCL waived its right to invoke the protection of the September 22, 2011 offer of judgment, and should now be estopped from doing so." (*Id.*)

> Defendant responds that it
>
>> did not waive its Rule 68 argument by failing to raise it during these 2014-2015 proceedings because there simply was no Rule 68 argument to raise at that time. The trigger for Rule 68 is a final judgment in plaintiff's favor, but in an amount less than the offer. Fed.R.Civ.P. 68(d); ***Delta Airlines, Inc. v. August***, 450 U.S. 346, 348-51 (1981). The Court's 2014 judgment was in defendant's favor, and following the Tenth Circuit's 2015 reversal there was no judgment at all. It was the Court's February 21, 2017 Judgment (Dkt. #545) that gave rise to [Defendant's] Rule 68 argument, which [Defendant] has timely raised. (Dkt. #551-553.) [Defendant] could not have asserted this argument before 2017, and the failure to do so was not a waiver.

(Doc. 558, at 6.) The Court agrees that Defendant did not waive its right to enforce the underlying Offer of Judgment by following the unrelated appellate instructions

9

from the Tenth Circuit.

The Court therefore finds that Plaintiff's refusal of Defendant's prior Offer of Judgment precludes Plaintiff from seeking its costs from September 22, 2011, forward and requires Plaintiff to pay Defendant's costs from that date.[2] The Court's analysis thus turns to Plaintiff's objections to Defendant's Bill of Costs. (*See* Doc. 560, at 16-19.)

### 1. Cost of videotaping Chief Aaron's deposition.

Defendant incurred $804.37 for the videotape of the deposition of Ronald Lee Aaron, which is on top of $1,132.15 for the deposition transcript. Plaintiff contends the video was "unnecessary and duplicative because it was not used in any fashion, either in dispositive motions or at either trial, and because KCL has not proved necessity." (Doc. 560, at 16.)

Defendant correctly points out that "actual use" is not the relevant standard. Rather, this cost is recoverable if the "facts known when the deposition was taken made it appear reasonably necessary to record the deposition on videotape." *See Griffith v. Mt. Carmel Med. Ctr.*, 157 F.R.D. 499, 502 (D. Kan. 1994). Defendant argues that given Chief Aaron's lengthy tenure with the Fire Department (40

---

[2] Plaintiff's submitted Bill of Costs is unclear concerning which costs were incurred prior to September 22, 2011. Plaintiff shall, therefore, file an amended Bill of Costs on that basis, without prejudice to its right to challenge this ruling on appeal.

years), the likelihood that he may have retired and/or moved by the time of trial was a reasonable consideration. Considering the importance of Chief Aaron's testimony, coupled with the fact that this was the only deposition Defendant saw necessary to have recorded (showing that Defendant did not abuse this option), the Court finds the decision to do so was reasonable. Plaintiff's objection is **overruled**.

2. **Transcript and recording of the 8/30/12 hearing.**

Defendant ordered a transcript and recording of the hearing on Plaintiff's "Motion for Protective Order and a Determination as a Matter of Law that Plaintiff is Entitled to a De Novo Review of Defendant's Decision to Deny Coverage on the Administrative Record and Quashing and Staying Defendant's Discovery of Post Administrative Appeal Matters." Plaintiff argues that there was no showing of necessity by Defendant to have transcribed the recording of the hearing, which was five pages in total. (*See* Doc. 231.)

Defendant responds that "[a]t the hearing in question, [Plaintiff's] counsel explained at great length, in a discussion with the Court, [Plaintiff's] new ERISA-based theory of the case, and how (according to [Plaintiff]) that new theory limited the scope of review and discovery in this case." (Doc. 562, at 9.) As such, Defendant desired a record of Plaintiff's position. The Court finds Defendant's

position regarding the transcript to be reasonable given the nature and importance of the statements of Plaintiff's counsel contained therein. Plaintiff's objection is **overruled** and the amount is recoverable.

Plaintiff also argues that it is unnecessary for Defendant to have requested both a transcript <u>and</u> a recording of the hearing when "[o]nly one was necessary." (Doc. 560, at 17.) The Court agrees and **sustains** Plaintiff's objection as to the $30.00 cost for a CD of the 8/30/12 hearing.

### 3. Daily real-time transcripts of the jury trial.

Plaintiff next argues that it should not be charged for the cost of real time transcripts from the trial. According to Plaintiff, it chose not to request the transcripts because they were unnecessary "for a trial of this length." (*Id.*) Rather, Plaintiff characterizes these transcripts as "a luxury the insurance company could afford with its deep pockets, but the plaintiff should not be forced to pay for the insurance company's luxuries." (*Id.*)

Defendant responds that the transcripts were necessary because it "put on nine live witnesses during four separate days" of trial. (Doc. 562, at 10 (citing Doc. 490).) According to Defendant, daily transcripts are recoverable as they were "reasonably necessary to keep track of this testimony as it came in live, and to assist [defense] counsel in tasks such as the preparation of cross-examinations, the

direct examination of [Defendant's] expert, and [Defendant's] closing argument."
(*Id.*) Defendant argues that it is irrelevant that Plaintiff "chose not to order daily transcripts" because the "parties faced very different evidentiary presentations at trial." (*Id.*) Defendant points out, for instance, that it was "faced with nine live [Plaintiff] witnesses in seven days" while Plaintiff was faced with one live witness from Defendant. (*Id.*) Under these circumstances, the Court finds this cost to be both reasonable and recoverable. Plaintiff's objection to the cost of the daily real-time jury transcripts is **overruled**.

    4.      **Witness fees for Defendant's expert.**

Finally, Plaintiff objects to the $120.00 in witness fees for Defendant's expert Dr. Meshkov to attend trial. (Doc. 560, at 17.) According to 28 U.S.C. § 1821(b), a

> witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

This District has specifically held that §1821(b) applies to expert witnesses, and the prevailing party may tax fees of $40 per day to cover attendance, travel, and subsistence of such witnesses. *See* ***Griffith v. Mt. Carmel Med. Cntr.***, 157, F.R.D. 499, at 503 (D. Kan. 1994). Plaintiff's objection is, therefore, **overruled**.

**IT IS THEREFORE ORDERED** that Defendant's "Rule 59(e) Motion to Alter or Amend Judgment" (Doc. 551) is **GRANTED**. The Judgment for the principal amount plus interest ($169,863.00) is reaffirmed. Plaintiff is awarded costs incurred prior to September 22, 2011, and is ordered to re-submit its Bill of Costs on that basis.

**IT IS FURTHER ORDERED** that Defendant's Bill of Costs be entered by the Clerk in the amount of $24,557.11 (total listed by Defendant (Doc. 552) minus $30.00 fee for recording of August 30, 2012, hearing).

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 8th day of May, 2017.

 S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge